## CAREY v. ROOSEVELT et al.

### (Circuit Court, S. D. New York. November 12, 1897.)

1. EXECUTORS AND ADMINISTRATORS—LEGATEES—JUDGMENT—PRIVITY.
     While, in general, a judgment against executors or administrators c. t. a. is not binding on legatees when the suit is commenced or revived after the administrators' accounts have been settled, and all the property in their hands paid over to the legatees and trustees under the will, pursuant to a decree of the proper court, yet it is so binding if the legatees voluntarily assumed the expense of defending the action, and made themselves privies to it, and had the same benefits in connection therewith as if they had been named as defendants.

2. LIMITATION OF ACTIONS—ACTION ON JUDGMENT.
     If an action on a judgment is not itself barred by the statute of limitations, the fact that the original claim which is merged in the judgment was so barred is immaterial.

3. LACHES—ACTION ON JUDGMENT—DEMURRER.
     In a suit on a judgment the alleged laches of the complainant in prosecuting the original action, if available at all, cannot be considered on demurrer, if the bill excuses the delay and imputes it to those who defended that action.

This was a suit in equity by George G. Carey, as trustee, etc., against John E. Roosevelt and others, as trustees and legatees under the will of Amos Cotting, deceased, to enforce payment of a judgment previously rendered against the administrator c. t. a. of said Cotting's estate. The cause was heard on demurrer to the amended bill.

The demurrer to the original bill was sustained and the complainant had leave to amend. (81 Fed. 608, where the principal facts are stated.) Thereafter the complainants filed an amended bill. Among other new averments are the following: "And your orator further says that, as he is informed and believes to be true, the defense of the said action at law was conducted, and all proceedings therein were taken, by the said defendants Roosevelt and Schermerhorn, with the knowledge and consent, and at the instance and request, of the other defendants, beneficiaries under said will, to wit, the defendants, J. Egmont Schermerhorn, as executor of Elizabeth Cotting, deceased, and Jameson Cotting and Katie T. Schermerhorn individually, and of the defendants, John E. Roosevelt and W. Emlen Roosevelt, as trustees of the trusts created by the said will of Amos Cotting for the benefit of Elizabeth Cotting, deceased, and of the said defendants, Katie T. Schermerhorn and Jameson Cotting, and that such defense was conducted by them for the sole benefit of the said trust estate and of the said trustees and beneficiaries. That a large proportion of the expenses of such defense, including the fees of their attorneys and counsel, and including also the expenses and counsel fees incident to the proceeding in the surrogate's court hereinafter referred to, was borne by the said trustees and paid by them out of the trust funds, and the amount thereof was charged by them ratably against the shares of the said beneficiaries therein, who consented thereto and severally paid, or consented to such payment of, the charges so made against their respective ratable shares in the trust funds; and that said trustees and bene-

ficiaries respectively were, at all times, after its revival, fully informed as to the nature of and issues in said action at law and as to all the proceedings had in the said action at law, and took an active part in the defense thereof, with the intent and purpose of protecting the said trust funds and their respective shares and interests therein." The defendants again demur.

Burton N. Harrison, Arthur H. Masten, and Henry M. Ward, for complainant.

George H. Yeaman, George C. Kobbé, and James A. Speer, for defendants.

COXE, District Judge.    The demurrer to the original bill was sustained principally upon the theory that the defendants had no opportunity to contest the claim against the testator which was revived against his administrators.    As the allegations then stood the administrators had no interest in defending the revived suit, and, for aught that appeared, an unfounded claim might have been established to which a perfect defense could have been interposed had the defendants been informed of the pendency of the action and been given an opportunity to defend it.    The amendments change all this.    It now appears that the defendants had the same opportunities to defend as though actually parties to the record.    The suit was defended with the utmost vigor, and judgment was obtained only after two trials had been had.    The defendants were informed of every important step in the litigation and the suit was defended at their instance and request, they paying the expenses thereof.    In short, they voluntarily made themselves privies to that action and had precisely the same benefits therefrom as if they were named as defendants.    Had they been so named they could have done nothing more.    They have had their day in court, and should not now be heard to dispute a claim which they have already disputed without success.    The doctrine that a party directly interested in the result of an action, who assumes and pays for its defense, is not permitted thereafter to dispute the judgment there rendered, has been frequently recognized and enforced in the federal courts.

As pointed out in the former opinion this action is based solely upon the judgment which was recovered in 1895, less than two years before the original bill was filed.    This action, then, is not barred by the statute of limitations, and the question whether the claim in the suit against Cotting was so barred is, upon the theory of the bill, wholly immaterial.

Assuming that laches in the prosecution of the suit against Cotting and his representatives is available here, it certainly cannot be considered on demurrer for the reason, inter alia, that the amended bill excuses the delay and imputes it to those who were defending that action.

The bill may be maintained in this court for the reason that the parties are citizens of different states.    The demurrer is overruled; the defendants may answer in 20 days.