## CAREY v. ROOSEVELT et al.

### (Circuit Court, S. D. New York. December 30, 1898.)

1. EXECUTORS AND ADMINISTRATORS — DEBTS OF ESTATE — FOLLOWING ASSETS AFTER DISTRIBUTION.

The assets of an estate are generally a trust fund for the payment of its debts, and may be followed, in equity, for that purpose, in the courts of the United States, into the hands of distributees.

2. SAME—JUDGMENT AGAINST ADMINISTRATOR—PRIVITY OF TRUSTEES OF LEGATEES.

A judgment in an action revived against executors or administrators c. t. a. after they have settled their accounts, and transferred the property to trustees under the will, is binding on such property in the hands of the trustees, where they have assumed the defense of the action, in the name of the administrators, for the protection and at the expense of the trust estate, with the acquiescence of the legatees.

3. SAME—COLLECTION OF JUDGMENT AGAINST ESTATE—LACHES OF CREDITOR.

A creditor of an estate, who was sufficiently diligent to obtain a judgment against the administrators on his claim, within the rules of law, cannot be charged with laches in that regard to defeat collection of his judgment.

In Equity.

This was a suit in equity by George C. Carey, as trustee, etc., against John E. Roosevelt and others, as trustees and legatees under

the will of Amos Cotting, deceased, to enforce payment of a judgment previously rendered against the administrators c. t. a. of said Cotting's estate. On final hearing.

Arthur H. Masten, for plaintiff.
George H. Yeaman, for trustees.
Latham G. Reed, guardian ad litem.

WHEELER, District Judge. This suit is brought against the administrators with the will annexed of Amos Cotting, and trustees and beneficiaries, to reach assets in the hands of the trustees for satisfaction of a judgment of $6,221.90 against the administrators. The defendant John E. Roosevelt is the active and managing one of the two administrators, and also of the two trustees, with the assent of the others, respectively; and the defendant Katie T. Schermerhorn is the other of the two administrators, and one of the beneficiaries. The administrators settled their accounts, and transferred the assets, amounting to several hundred thousand dollars, to the trustees, before the revivor of the suit in which the judgment was recovered. Such assets are generally a trust for the payment of debts, and may be followed, according to the principles of equity, in the courts of the United States, for that purpose. Telfair v. Stead's Ex'rs, 2 Cranch, 407; McLaughlin v. Bank, 7 How. 220.

The principal question made is as to the effect of the judgment against the administrators. It has been made twice before on demurrers. Carey v. Roosevelt, 81 Fed. 608, and 83 Fed. 242. Upon them, Judge Coxe appears to have doubted about this; but to have concluded that the judgment would be good against those who took part in the defense, in the capacity of legatees. The case shows that the whole matter was in the charge of John E. Roosevelt, who defended the case, in the name of the administrators, at the outposts, for the protection and at the expense of the trust estate, with the acquiescence of his co-trustee and those concerned, having the assets to be affected in his control for that purpose. This would seem to conclude the estate in the hands of the trustees, according to the judgment of Judge Coxe upon the last demurrer. Some of the beneficiaries are infants, who have appeared by guardian ad litem. Their interests are, however, subject to the rights of creditors, in the same way as those of persons sui juris.

Laches is much relied upon as an equitable protection to the beneficiaries; but the plaintiff was sufficiently diligent to recover the judgment, within the rules of law, against the administrators, which would seem to be enough for that, and there is no fair question about the proceedings in this respect since. Decree for plaintiff.