## LAWRENCE vs. WARE.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Conclusiveness of judgment as bar.*—Where a promissory note, which had been transferred by delivery, was placed by the transferree in the hands of an agent, with instructions to present it to the maker for payment, and, if payment was refused, to put it in the hands of an attorney, for collection by suit ; and, payment having been refused, the agent sent the note to an attorney, who, not being informed of the name of the real owner, brought suit on it in the name of the agent, and the action was successfully defended, on the plea of set-off against the payee,—*held*, that the judgment in that action was not a bar to a subsequent action on the note by the owner, who was not shown to have had notice of the pendency of that action.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. WM. S. MUDD.

THIS action was brought by Noah Lawrence, against Horace Ware ; was founded on the defendant's promissory note for $87 87, dated 25th May, 1854, and payable on the 1st January, 1855, to Matthew Lee or order ; and was commenced on the 3d August, 1858. The defendant pleaded a former judgment on the note, in his favor ; and issue was joined on that plea. On the trial, as the bill of exceptions states, after the plaintiff had read in evidence the note on which the suit was founded, the defendant offered in evidence the record of the suit on which he re-lied as a bar. That suit was brought in the name of one L. Vandever as plaintiff, and against the defendant in this case ; was founded on the same promissory note which is the foundation of the action in this case ; and judgment was rendered, on the 11th March, 1858, on the verdict of a jury, in favor of the defendant ; but the record does not show what pleas were interposed. "It was admitted, that on the trial of that suit, under the plea of set-off, the de-fendant proved, that he had employed Matthew Lee, the payee of said note, to transport a large quantity of pig-

iron for him, in flat-boats, down the Coosa river to We-
tumpka; that said iron was sunk in the Coosa river, in
consequence of said Lee's failure to perform his duties in
reference to the transportation, and was thereby wholly
lost to the defendant, and that the value of said iron was
greater than the amount of the said note. It was admitted,
also, that the only issue tried in that suit was the validity
and sufficiency of the said set-off, and that the jury found
their verdict for the defendant on that issue. It was ad-
mitted, also, that Lawrence, the plaintiff in the present
suit, held said note by transfer from said payee by delivery,
and that said transfer was for a valuable and sufficient con-
sideration. It was proved by said Vandever, on the trial
in this case, that said plaintiff (Lawrence) delivered said
note to him, and requested him to call on Ware, collect
the money, and, if paid, send the money to him; that said
witness called on defendant for the money, who failed and
refused to pay the same; that he then informed plaintiff,
who resided in Calhoun county, of the defendant's failure
to pay the note, and was instructed by him to place it in
the hands of an attorney, for collection by suit; that, being
unacquainted with any attorney in Shelby county, he
handed said note to one Moore, to be delivered by him to
an attorney, but did not tell said Moore to whom said note
belonged; and that he (witness) had no interest in said
note, and had no knowledge that the suit had been brought
in his name until after the same had been tried. It was
admitted, that the suit was brought by the attorney in the
name of said Vandever, because he was informed that it
was sent by him, and the name of no other owner was dis-
closed."

On the facts above stated, the plaintiff proposed to
prove, "that the alleged set-off, proved by the defendant
on the trial of the former suit, was unjust, untrue, and im-
properly allowed; that the defendant sustained in fact no
loss or damage in consequence of the sinking of the iron
in the river; that the alleged contract with said Lee, for
the transportation of the iron, was made after the defend-

ant had notice of the transfer of said note by Lee to said plaintiff; and that said note was in fact given for a debt due from said defendant to plaintiff, (except a small balance due from said defendant to Lee;) and was so given because said Lee informed defendant that he would deliver the note to plaintiff." The court excluded this evidence, and charged the jury, "that, if they believed the evidence, they must find for the defendant." The plaintiff excepted to the ruling of the court in excluding the evidence offered by him, and to the charge to the jury; and he now assigns the same as error.

S. LEIPER, for appellant.
MARTIN & HEFLIN, contra.

A. J. WALKER, C. J.—The general principle is, that judgments and verdicts are only binding on parties and privies. The plaintiff in this suit was neither a party nor privy to the former suit which is pleaded in bar. With the person in whose name the former suit was brought, the plaintiff occupied no relationship, in reference to the property in the note, which would constitute privity.—1 Greenleaf on Evidence, §§ 189, 523. The only relationship which existed between them, was that of a temporary agency on the part of the plaintiff in the former suit, to demand payment of the note, and, in default of payment, to deliver it to an attorney for collection.

It was decided in *Mayer v. Faulkrod*, (4 Wash. C. C. 503,) that where the suit was brought in the name of an improper plaintiff, and a recovery had, and payment made, there being no collusion, the payment would constitute a defense to an action by the true owner of the cause of action. But that decision is put expressly upon the ground of a payment made by the legal and compulsory sentence of a competent tribunal; and it is admitted that, in the absence of such payment, the former judgment would be no defense. Besides, the correctness of that decision is doubted.—2 Part Cow. & Hill's Notes to Phil. Ev. (3d ed.) 167.

It is true that the court will always inquire who are the real parties, in determining whether a former judgment is a bar. But there is nothing in the record in this case, which authorizes the inference that the plaintiff was the real party in the former suit. The other suit was, as to him, *res inter alios acta.* He had no right to control the proceedings in the case, or to produce or cross-examine witnesses, or to appeal; and it does not at all appear that he participated in conducting it, or even knew of its existence.

Reversed and remanded.