BENJAMIN H. RUBERTS v. A. L. HATHAWAY AND JOSEPH
FINSTERWALD.

*Justice's courts—Absence of justice at time for opening court.*

Where, on the adjourned day of a cause, a justice was absent half
an hour over time in the performance of official duties not per-
taining to his judicial office, and on his return, upon defendant's
refusal to appear, adjourned the cause in his absence and gave
him notice of the adjournment, and on the next adjourned day
gave judgment against him in his absence, it was *held* that the
judgment must be reversed.

Error to Mason. Submitted Jan. 23. Decided Jan. 23.

ASSUMPSIT. Plaintiff brings error.

*Hiram A. Sutherland* for plaintiff in error. If there
is any reasonable excuse for the absence of a justice
beyond the hour appointed for trial, such as engagement
in official duties, he may proceed and give judgment,
*Hunt v. Wickwire*, 10 Wend., 102; *Barber v. Parker*, 11
Wend., 52; *Cornell v. Bennett*, 11 Barb., 657; *Chamber-
lain v. Lovet*, 12 Johns., 217; *Wilde v. Dunn*, 11 Johns.,
459; *Myer v. Fisher*, 15 Johns., 504; *Baldwin v. Carter*,
id., 496.

*Fitch & Samuels* for defendant in error Finsterwald.
As to what constitutes a public office the duties of which
will excuse the absence of a justice at the time for try-
ing a cause, see *Bradford v. Justices*, 33 Ga., 332.

MARSTON, C. J. Upon the adjourned day of a cause
the justice was absent in the performance of duties as
superintendent of the poor. He returned to his office
about half an hour after the expiration of one hour from
the time to which the cause had been adjourned. The
defendant was not then present, but the justice found
him near by and informed him that he was then ready
to proceed with the trial of the cause. The defendant

refused to appear. The justice then adjourned the case and caused notice to be served on the defendant of such adjournment. On such adjourned day, the defendant not appearing, the cause was tried and judgment rendered against him.

The justice was not absent in the performance of any official duty as justice, but in the performance of the duties of another office held under an appointment of the board of supervisors.

The case does not come within *Stadler v. Moors*, 9 Mich., 268, nor within the reason of that and kindred authorities.

The judgment of the circuit court reversing the justice's judgment must be affirmed with costs.

The other Justices concurred.