RILEY F. WARNER v. ALFRED J. COMSTOCK.

*Chattel mortgage—Removal from files—Adjournments in justices' courts—Mortgage lien—Res judicata.*

1. A chattel mortgage cannot be taken from the files in the town clerk's office: it is part of the public records; a certified copy of it will serve to show the filing, and to use in taking possession of the goods covered by it.

2. It is not a legal cause for the adjournment of proceedings in justice's court on the return day that the party asking it wants the assistance of counsel.

3. A chattel mortgage does not cease to be a lien and the debt it secures is not to be considered paid merely because the mortgager has an offset against his creditor exceeding the debt,

4. Agents and principals are not in privity with each other in respect to property rights, and the principal is not concluded in that regard by the judgment in a suit brought against his agent. Nor does it make any difference that in such suit the principal was the agent's attorney.

5. A constable seized a horse under a chattel mortgage but the mortgager recovered it in replevin and then sold it. The mortgagee then brought trover against the purchaser. *Held* that he was not concluded by the judgment against the constable, even though the latter was his agent and he had acted as attorney for him in the replevin suit.

Error to St. Clair.    (Stevens, J.)    Jan. 8.—Jan. 14.

TROVER.    Plaintiff brings errror.    Reversed.

*Stevensons & Phillips* for appellant.

*Chas. K. Dodge* and *A. E. Chadwick* for appellee.    The judgment of a court of competent jurisdiction is conclusive in a second suit between the same parties or their privies on the same question : Tiffany's Just. Guide 199 ; *Wales v. Lyon* 2 Mich. 276 ; *Prentiss v. Holbrook* id. 372 ; *Tucker v. Rohrback* 13 Mich. 76 ; *Barker v. Cleveland* 19 Mich. 230 ; *Fifield v. Edwards* 39 Mich. 264 ; Greenl. Ev. §§ 522 and 523 ; Abbott's Trial Ev. 827 ; 2 Phil. Ev. 7 ; *Kinnersley v. Orpe* 2 Doug. 517 ; *Castle v. Noyes* 14 N. Y. 329 ; *Doty v. Brown* 4 N. Y. 71 ; *Gardner v. Buckbee* 3 Cow. 120 ; *Burt v. Sternburgh* 4 Cow. 559 ; *Wood v. Jackson* 8 Wend. 9 ; *Etheridge v. Osborne* 12 Wend. 399 ; *Wheeler v. Van Houten* 12 Johns. 113 ; *Rice v. King* 7 Johns. 20 ; *Miller v. Manice* 6 Hill 114 ; *Ehle v. Bingham* 7 Barb. 494 ; *Harris v. Harris* 36 Barb. 88 ; *Walker v. Chase* 53 Me. 258 ; *Parker v. Thompson* 3 Pick. 429 ; *Kent v. Kent* 2 Mass. 355 ; *Buckmaster v. Ryder* 12 Ill. 208 ; *Vanlandingham v. Ryan* 37 Ill. 25 ; *Driscoll v. Damp* 16 Wis. 106 ; *Van Pelt v. Kimball* 18 Wis. 362 ; *Finney v. Boyd* 26 Wis. 366 ; that no proof was offered or put in that would constitute a defense is no reason why a former judgment concerning the same matter is not a bar to another action : *Ehle v. Bingham* 7 Barb. 494 ; it is enough if the parties are the same in interest, if they are privies, or if the subject matter litigated is the same, or if the same evidence

would sustain both cases: *Prentiss v. Holbrook* 2 Mich. 372; whatever extinguishes a mortgage debt extinguishes the mortgage: Herm. Chat. Mortg. §§ 167, 168; *Sherman v. Sherman* 3 Ind. 337; *Jackson v. Stackhouse* 1 Cow. 122; *Crosby v. Chase* 17 Me. 369; payment of a mortgage debt will generally operate as a discharge of the mortgage: *Parkhurst v. Cummings* 56 Me. 155; *Whittacre v. Fuller* 5 Minn. 508; *Folsom v. Lockwood* 6 Minn. 186; *McNair v. Picotte* 33 Mo. 57; *Ladd v. Wiggin* 35 N. H. 421; whether made after default or before maturity: 2 Wait's A. & D. 208; *Johnson v. Sherman* 15 Cal. 287; *Dutton v. Warschauer* 21 Cal. 609; *Thompson v. Van Vechten* 27 N. Y. 568; and payment of a chattel mortgage may be shown by parol; Herm. Chat. Mortg. § 171; *Thornton v. Wood* 42 Me. 282; on payment of the debt to secure which a mortgage of personal property is made, whether before or after condition broken, the property revests in the mortgager without re-delivery or re-sale or the cancelling of the mortgage: Herm. Chat. Mortg. § 172; *Parks v. Hall* 2 Pick. 206; *Griffin v. Lovell* 42 Miss. 402; *McClelland v. Remsen* 36 Barb. 622; *Leighton v. Shapley* 9 N. H. 359; *Harrison v. Hicks* 1 Port. (Ala.) 423.

CHAMPLIN, J. This suit originated in a justice's court, where plaintiff obtained judgment. The action is trover to recover the value of a horse alleged to have been converted by defendant. The material facts are as follows: June 10, 1881, plaintiff, then being the owner of the horse, sold him to one Abram Young for $110, and received down $36, and took Young's note for $74, payable May 10, 1882, secured by chattel mortgage on the horse. At that time Young resided in the township of Grant, in St. Clair county, and the chattel mortgage was filed in that township on the 4th day of August following, with the proper officer. The note was not paid at maturity, and on the 17th of May, 1882, plaintiff went to the township clerk's office and took the original mortgage from the files, and placed it in the hands of one S. W. Gilbert, who was a constable, with directions to seize the property and foreclose the mortgage.

The plaintiff had no legal right to take the mortgage from the files. It had become part of the public records, and the clerk should not have permitted it to be taken from his cus-

tody. A certified copy would have answered every purpose of the original in showing that the mortgage had been filed in accordance with the filing thereon endorsed.

Gilbert went to Young's, and seized the horse on the chattel mortgage, and took it to his barn. The next day Young replevied the horse from Gilbert, who notified Warner of the fact. On the return-day, Young, Gilbert and Warner appeared before the justice,—Young with an attorney, and Warner acted as the attorney for Gilbert. The plaintiff declared orally for the unlawful detention of the property, and Warne , for Gilbert, pleaded the general issue, and gave notice that defendant took and held the property, at the request of Warner, by virtue of a chattel mortgage, and that " he took the property as an authorized and qualified constable." The plaintiff announced himself ready for trial, but Warner, for defendant, applied for an adjournment, not for the purpose of obtaining witnesses, but of obtaining the assistance of counsel. No legal cause was shown for an adjournment, and it was the duty of the justice to proceed with the trial.

The defendant announced himself as ready, and evidently with a view to exclude further participation by Warner, stated to the justice that he would defend the suit himself, and thereupon Warner withdrew and left the court-room and paid no farther attention to the matter. The justice then proceeded with the trial. The docket of the justice shows that Abram Young, Mary J. Young, Isaac Young and the defendant, Gilbert, were sworn as witnesses for plaintiff in that suit, and that the defendant offered no evidence. The justice found that the defendant did unlawfully detain the horse, and assessed his damages for such detention at six cents and costs, and rendered judgment accordingly.

It appears that on the trial the defendant Gilbert produced the mortgage at the request of the justice, and he filed it in the cause, and it was left with him and never was returned to the files in the clerk's office. It also appears that the plaintiff Young and the justice tried both sides of the case, and not content with showing that he was the general owner of.

the horse, and as such entitled to his possession, he proceeded to show that he had an offset against the note which the mortgage secured, more than sufficient to pay the same; and it was claimed by Young and held by the justice that therefore the mortgage was paid and had ceased be a lien. The fallacy of this position need only be stated to be seen.

Under the facts above narrated, the judgment rendered in the replevin suit against Gilbert for unlawfully detaining the horse is not binding upon Warner, the plaintiff in this suit, and he is not concluded thereby. After the trial of the suit of Young against Gilbert, and on the same day, Young traded the horse to defendant Comstock. There was testimony tending to prove that Comstock knew of the mortgage in question at or before he traded. Comstock swears that he told him that "there was no mortgage in the clerk's office; it was in the hands of the court.". Before bringing this suit the plaintiff caused a demand to be made on defendant for the horse, informing him of his mortgage lien thereon, and defendant refused to deliver the horse to the plaintiff to enable him to proceed with the foreclosure of his mortgage. The circuit judge on the trial, after calling the attention of the jury to the facts, proceeded as follows : " It is my opinion that the justice having found that Young was entitled to the property under the writ of replevin, after issue had been joined by the plaintiff, acting for Gilbert, in which the chattel mortgage was set up as the justification, it being then due, that the judgment of the justice's court cannot be inquired into collaterally, and having become final by the failure of the plaintiff to take steps to reverse it, that it is now fatal to any recovery on the part of the plaintiff in this suit, and as a consequence your verdict must be for the defendant."

In this the court erred. The relation between Gilbert and Warner at the time of the trial before the justice, and the circumstances attending the trial, were not such as to make Warner the real party defendant, so as to bind him by the judgment. In taking and detaining the horse, Gilbert merely acted as the agent of Warner. Agents and principals

do not by virtue of such relation have any successive connection to rights of property. They are not in privity with each other, and the principal is not concluded by a judgment in a suit brought against his agent. The fact that the principal acted as attorney for the agent at the trial does not change the status of the parties, or affect the rights of the principal, or extend the scope and effect of the judgment against the agent.

The judgment of the circuit court must be reversed and a new trial granted. Plaintiff will recover his costs of this Court.

The other Justices concurred.