### HAYES v. BICKELHOUPT, Jr., and another.

*(Circuit Court, S. D. New York.    June 16, 1885.)*

PATENTS FOR INVENTIONS—ESTOPPEL—PRINCIPAL AND AGENT.

A servant or agent sued separately for infringing a patent is not bound by a former decision against his principal upon the question of the validity of the patent.

In Equity.

*Livingston Gifford,* for plaintiff.

*Sanford H. Steele,* for defendants.

WHEELER, J. This cause has been heard on a motion for a preliminary injunction. The defendants appear to have been servants or agents of George Bickelhoupt, Sr., in doing what was adjudged to be an infringement of the same claim of the same patent,—claim 2 of reissue 8,688,—in controversy here. 21 Fed. Rep. 567; 23 Fed. Rep. 183. It is urged that the adjudication there binds them here, and that they are not entitled to be heard here as to the validity or scope of the claim, nor as to whether what is the same as was there held to be an infringement is so. It is true, probably, that the decision there reached bound them as the servants or agents of that defendant as to what was then adjudged, and that they might have been proceeded with for contempt for any continuation in doing what was then enjoined, without having become or been made parties to the suit any further than they were. They might have been made, or on their own motion have become, parties to the suit, so that whatever was adjudged in it would have bound them. But they were not made actual parties to the suit, and were not called upon to litigate the questions involved in it, and did not voluntarily become parties to it, so as to be bound by such adjudication as might be had in it as parties to suits are bound. They were bound only through their relation to their employer or principal, and the decree and injunction would only affect them through him, and could only be applied to them through him. This is a new suit against them acting in their own right for what is claimed to be a new infringement. They appear to be entitled to make any defense that any one charged with infringement would be.

This claim was held to be valid upon the authority of *Hayes* v. *Bockel*, 11 Fed. Rep. 87. It was intended to follow *Hayes* v. *Seton*, 12 Fed. Rep. 120, and *Hayes* v. *Dayton*, 20 Fed. Rep. 690, as far as they went in determining the question of infringement. What was before the courts, respectively, in those cases was not shown, but has, to some extent, been shown now. It appears now that by mistake or otherwise the letters upon that part of plaintiff's Exhibit No. 5 referred to in *Hayes* v. *Bockel*, showing the patented invention, were misplaced so as to make the invention appear to be different from what it really was, and more different from Dench's patent, with which it was compared, than it really was. It also appears that what was held not to be an infringement in *Hayes* v. *Seton* and *Hayes* v. *Dayton* was very similar to what is now claimed to be an infringement. And it is suggested that some of these questions are likely to be reheard before the judge who rendered those decisions. These considerations throw sufficient doubt about the propriety of an injunction in this case to appear to warrant continuing this motion to final hearing.

Motion continued to hearing.