<hr />

## CAREY v. ROOSEVELT et al.

### (Circuit Court, S. D. New York. June 28, 1897.)

1. JUDGMENT AGAINST ADMINISTRATORS—PRIVITY OF LEGATEES.

While, in general, a judgment against executors or administrators c. t. a. is binding on legatees, yet it is not so binding when the suit is commenced or revived after the administrators' accounts have been settled, and all the property in their hands paid over to the legatees and trustees under the will, pursuant to a decree of the proper court; for the trust is then practically terminated, the administrators are devested of all control over the property, and the privity between them and the legatees and trustees terminated.

2. SAME.

A judgment against persons in their capacity as administrators c. t. a. is not rendered binding on them as legatees, merely because of their personal identity.

This was a suit in equity by George C. Carey, as trustee, etc., against John E. Roosevelt and others, as trustees and legatees under the will of Amos Cotting, deceased, to enforce payment of a judgment previously rendered against the administrators c. t. a. of said Cotting's estate. The cause was heard on demurrer to the bill.

Burton N. Harrison, Arthur H. Masten, and Henry M. Ward, for complainant.

George H. Yeaman, George C. Kobbé, and James A. Speer, for defendants.

COXE, Circuit Judge. The complainant is trustee for the benefit of the creditors of the National Express & Transportation Company. On December 13, 1886, John Glenn, the complainant's predecessor in such trust, began an action at law in this court against Amos Cotting to recover $4,000 and interest. Cotting appeared in the action. On the 12th of May, 1889, he died leaving a will, which was duly probated. The executors named in the will having died, letters of administration with the will annexed were issued to John E. Roosevelt and Katie T. Schermerhorn, two of the defendants herein. On the 6th of September, 1893, the action against Cotting was revived against his administrators, and judgment was, on the 28th of February, 1895, recovered against them for $6,221.90. Leave to issue execution upon this judgment was denied. On the 8th of April, 1892, a decree was entered settling the accounts of the administrators and deceased executors of Cotting's estate, and di-

recting the administrators to pay over the property in their hands as directed by the terms of the will. This transfer was made on the same day and the principal sum has since been held by the trustees created by the will. The income has been paid over to the beneficiaries named in the will. The prayer of the bill is that the defendants, who are the trustees and beneficiaries of Amos Cotting's will, be directed to account for and pay to the complainant the amount of the judgment of February 28, 1895, namely $6,221.90. In brief, then, this is an action against the trustees, legatees and beneficiaries of Amos Cotting's will, founded upon a judgment recovered in a suit against his administrators.

The principal question debated is as follows: Is a judgment so obtained against an administrator with the will annexed conclusive evidence against a legatee? The defendants cite a number of cases holding that a judgment against an executor is not evidence against the heir or devisee. Ingle v. Jones, 9 Wall. 486, 495; Sharpe v. Freeman, 45 N. Y. 802; Moss v. McCullough, 5 Hill, 131, 135; Dale v. Roosevelt, 1 Paige, 35; Platt v. Platt, 105 N. Y. 488, 497, 498, 12 N. E. 22; Mathews v. Springer, 2 Abb. (U. S.) 283, 301, Fed. Cas. No. 9,277. This proposition is firmly established, and, indeed, is not disputed. The reason is plain; the devisee is not in privity with the executor. The title of the devisee does not come through the executor but directly from the testator. The executor takes no title to the real estate. It is manifest that these cases do not touch the point in controversy. No authority has been cited by counsel, or found by the court after diligent search, where the courts of New York have passed directly upon the question involved. In other jurisdictions, however, the rule is clearly established that a legatee is in privity with the executor and bound by a judgment against him.

In the case of First Baptist Church v. Syms, 51 N. J. Eq. 363, 28 Atl. 461, the court said (page 366, 51 N. J. Eq., and page 462, 28 Atl.):

"If the judgment is ultimately allowed to stand and be enforced, it will be conclusive upon the executor and also upon the legatees under the will, who are the executor's privies so far as the personalty coming to him, the primary fund for the payment of debts and legacies, is concerned (Castellaw v. Guilmartin, 54 Ga. 299; Redmond v. Coffin, 2 Dev. Eq. 437; Hooper v. Hooper, 32 W. Va. 526, 9 S. E. 937); and the entire personal estate may at once be applied to its payment, to the complete exhaustion of the personalty, leaving yet unpaid a portion of the judgment and the entire amount of the indisputable debts, the payment of which will be thrown upon the real estate. The judgment against the executor is not conclusive upon the heirs and devisees, who are not in privity with him (Birely v. Staley, 5 Gill & J. 432, 453; Collinson v. Owens, 6 Gill & J. 4; McCoy v. Nichols, 4 How. (Miss.) 31, 39; Beckett v. Selover, 7 Cal. 215; Stone v. Wood, 16 Ill. 177, 179; Robertson v. Wright, 17 Grat. 534), because they do not claim under him, and are not parties to the suit, and are not in position to adduce evidence in opposition to recovery, controvert the testimony offered in support of the plaintiff's case or appeal from the judgment when rendered, and, for the same reason, it is not conclusive upon the legatees, so far as their legacies are charged upon and payable out of the realty; and when, therefore, the executor seeks the realty for the payment of that judgment, those who are entitled to interest in the real estate are not bound by the judgment, but may question the claim which underlies it and is its foundation. It thus appearing that the judgment is conclusive upon the legatees as to the personalty, and is not conclusive as to the realty, it would seem to follow that, if it stands and may be used as a shield to the executor, it will

protect him in applying at least the personalty in its payment, and estop the legatees from questioning such application, and their right of ultimate contest will be limited to the remnant of it which comes over upon the realty unpaid."

In Fraser v. City Council, 19 S. C. 385, 400, the court says:

"The executor being bound, the legatees, his privies in estate, are also bound, unless there is something in the extraordinary circumstances of the case which makes it exceptional. 'A judgment against an administrator, or executor, is binding on the creditors and legatees of the estate.' Freem. Judgm. § 163; Mauldin v. Gossett, 15 S. C. 578, and authorities. This is admitted to be the general rule. * * * To the action at law the legatees had no right to be made parties; the regularly qualified executor was the proper representative of the estate, and was the only party to be sued. Winstanley v. Savage, 2 McCord, Eq. 435; Fretwell v. Neal, 11 Rich. Eq. 571."

See, also, Bell v. Bell, 25 S. C. 149; Ward v. Durham, 134 Ill. 195, 25 N. E. 745; Dandridge v. Washington's Ex'rs, 2 Pet. 370, 377; Pickens v. Yarborough, 30 Ala. 408.

Many other authorities to the same effect might be cited, and nothing to the contrary appears in the New York decisions. It is probable that the logic of the situation will require a similar holding whenever the question is squarely presented to the courts of this state.

In Blood v. Kane, 130 N. Y. 519, 29 N. E. 994, the court of appeals says:

"An executor, as such, takes the unqualified legal title of all personalty not specifically bequeathed, and a qualified title to that which is so bequeathed. He holds not in his own right, but as trustee, for the benefit (1) of the creditors of the testator, and (2) of those entitled to distribution under the will, or, if not all bequeathed, under the statute of distributions."

It would seem that while this relation exists, a judgment against the executor will bind the legatee. The statutes of New York have made such careful provision for the collection of debts against decedents' estates that it is not surprising that complications like the present seldom occur.

Conceding the general principle that a judgment against the executor binds the legatee, the next question is: Do not the peculiar circumstances surrounding the case in hand take it out of the general rule? The process which resulted in the judgment was served on Cotting in 1886, but the suit was not revived until 1893, and judgment was not entered against the administrators until February, 1895. The defendants here were not parties to that action, unless it can be said that John E. Roosevelt and Katie T. Schermerhorn, who were there sued as administrators, and are here sued as trustee and legatee, respectively, are exceptions. The defendants in their present capacities have never had an opportunity to dispute the debt upon which the judgment is based. They have never had their day in court. The action is on the judgment pure and simple. The parties against whom it is sought to be enforced obtained title long before it was rendered. The accounts of the administrators had been settled, and the property in their hands paid over, pursuant to the judgment of the court before the suit against them was commenced, or, what in legal contemplation is the same thing, revived against them. They had been practically discharged; they had no interest in defending the suit; they were administrators only

in name. There was no property in their hands upon which the judgment was a lien. In no way could it have been enforced against them. The administrators acted in all respects pursuant to law. During the four years succeeding Cotting's death, neither they nor their predecessors had notice of complainant's claim. After the trust had been fully performed, the court duly settled their accounts and directed them to pay over the amount in their hands to the defendants. When notice of this claim was first brought to their attention they had nothing belonging to the estate or to these defendants, and the defendants had been in undisturbed possession of the property for nearly 18 months. There is no allegation that the administrators had actual notice of the claim. The fact that the suit had been commenced against the testator in 1886 was not constructive notice to them. The statute provides how claims against the estate must be proved, and, not having received that notice, the administrators were justified in distributing the estate pursuant to law and the terms of the will. Was there any existing privity when the suit was commenced and the judgment recovered against the administrators? If so, a judgment recovered 50 years hence will be equally binding. "It is well understood that no one is a privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit." Freem. Judgm. § 162.

There must be a time when privity by representation ceases. If such a time ever comes it would seem to be when the property passes from the executor by operation of law and vests in the legatee. When this occurs the executor is devested of all title to and control over the estate. The relations between him and the legatee terminate. There is no longer any res upon which the rule can operate. Every feature which combined to produce privity has disappeared. The ghost of the old relationship only remains. Every equitable consideration would seem to demand that those who, in such circumstances, present claims for the first time, should pursue the estate in the hands of those who hold the possession and the right of possession and whose title the executor has no power to devest. They are interested in defeating unfounded claims. He is not. He is no longer in a position to bind the estate by word or deed. The fact that a party succeeds in obtaining judgment at such a time should not preclude the real parties in interest from demanding proof of the claim. The court understands that the complainant does not contend that this action can be maintained under the New York Code (sections 1837–1841). There is no provision of these sections making such a judgment res judicata. On the contrary, all applicable provisions relate to "a debt of the decedent," permitting the legatee, apparently, to interpose any available defense.

The contention that the judgment is binding because two of the defendants here were defendants in the original suit, in entirely different capacities, is met by the authority of Sharpe v. Freeman, supra, where the precise point is decided (page 807). See, also, 2 Phil. Ev. (4th Am. Ed.) p. 11; Gaines v. Hennen, 24 How. 553, 578, 579; Freem. Judgm. § 156.

In conclusion it is thought that these defendants should not be deprived of their property without an opportunity to be heard. A contrary doctrine would seem manifestly unjust, and, where the delay has been as great as in the present case, might open wide the door to fraud. The question presented is most interesting and has been discussed in the briefs with great learning and ability. The court only regrets· that a conclusion which is believed to be manifestly equitable should not be enforced by an authority directly in point. If such an authority exists, the court, after the most careful examination, has been' unable to discover it.

Other grounds of demurrer are presented, but it is unnecessary to consider them in view of the conclusion reached upon the main proposition. The demurrer is sustained, but the complainant, if so advised, may amend his bill within 20 days on the payment of costs.