### CAREY v. ROOSEVELT et al.

(Circuit Court of Appeals, Second Circuit.   May 28, 1900.)

#### No. 24.

JUDGMENT—PERSONS BOUND—EXECUTORS AND TRUSTEES UNDER WILL.

A judgment against defendants as administrators with the will annexed is not binding on one of the same persons in his capacity as a trustee under the will, or upon the beneficiaries of the trust, as to property which had been delivered to the trustees prior to the institution of the action against the administrators, where it is not shown that, as a matter of fact, the defense was made on behalf of the trust estate, at its expense and for its protection.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In 1886 John Glenn, a citizen of Virginia, as trustee for the benefit of the creditors of the National Express & Transportation Company, a Virginia corporation, brought an action at law against Amos Cotting, a citizen of the city and state of New York, before the circuit court for the Southern district of New York, to recover the amount of two calls made upon Cotting for the payment of his subscription to the stock of said company, in which suit Cotting appeared. Bills in equity were brought in the same court to restrain the prosecution of divers suits of this character which had been commenced about the same time, and, pending the litigation upon these equity suits, agreements for the extension of time to plead in the Cotting suit were entered into by the respective attorneys. Cotting died on May 12, 1889, his will was pro-

bated and letters testamentary were issued in June, 1889, the executors there-
after died, and letters of administration with the will annexed were issued to
John E. Roosevelt and Katie T. Schermerhorn on January 30, 1891. By the
will, after provisions for the benefit of the testator's wife, the residuary
estate was given to a trustee for the benefit of the testator's children and his
wife. She died before 1892. Thereafter the trustee named in the will re-
signed, and on February 29, 1892, John E. Roosevelt and W. Emlen Roosevelt
were appointed his successors. The administrators with the will annexed,
having, as they supposed, collected nearly all the assets, brought an action in
the supreme court of the state of New York to settle their accounts in March,
1892, in which action their accounts were approved, and they were ordered on
April 8, 1892, to transfer the assets to the trustees under the will, which was
done on the same day. In June, 1893, the bills in equity were dismissed, and
the action of Glenn against Cotting was revived against his administrators
with the will annexed on September 6, 1893. Up to this time this claim had
not been presented against the estate for payment, and the administrators
were not aware of its existence or of the existence of the action at law until
November, 1892. They defended this suit, and judgment was rendered against
them as administrators on February 28, 1895, for $6.221.90. In September,
1895, Glenn applied to the surrogate's court for leave to issue execution against
the administrators, and the petition was dismissed in December, 1896. In May
of that year the complainant in this suit, George G. Carey, a citizen of Mary-
land, was appointed to succeed Glenn as trustee for the creditors of the Na-
tional Express & Transportation Company. When the action at law was re-
vived, the only cash assets of Cotting's estate in the hands of his adminis-
trators were $142.50. They held two claims against insolvents, of very un-
certain value, upon which they hoped that something more would be received.
After that time, they received in cash $842.29. The present suit is a bill in
equity against the trustees of the Cotting estate, the executor of his wife,
his two children, and three minor grandchildren, to impress the trust fund with
a trust in favor of Carey, as trustee, for the amount of the judgment against
the administrators, with interest. The circuit court for the Southern district
of New York, before which the trial was brought, directed the trustees to
pay the amount from the trust fund, and charge it against the shares of the
beneficiaries. 91 Fed. 567.

Geo. H. Yeaman, for appellants.

Latham Reid, for infant appellants.

Arthur H. Masten, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges, and THOMAS,
District Judge.

SHIPMAN, Circuit Judge (after stating the facts as above). Up-
on the argument of this case, it appeared that sundry questions of
law had been eliminated during the progress of the suit. The original
bill contained no averment that the trustees of Cotting's estate had
defended the action at law against the administrators, or paid the
expenses of that suit, or taken part therein as trustees, either with or
without the knowledge of the beneficiaries or of the plaintiff in the
action; and the bill rested upon the judgment against the administra-
tors, the nonexistence of assets in their hands, the delivery of the
estate to the trustees, and a consequent liability in equity of the
trustees and the beneficiaries to pay the judgment from the principal
or income of said estate. Upon a demurrer to this bill, the principal
question argued before Judge Coxe, who was presiding in the circuit
court, was whether a judgment obtained against an administrator
with the will annexed was conclusive evidence against a legatee. 81
Fed. 608. It had been settled in New York and elsewhere, where

statutory systems in regard to the estates of deceased persons do not alter the rule, that a judgment against an executor is not evidence against the heir or devisee. Ingle v. Jones, 9 Wall. 486, 495, 19 L. Ed. 621; Sharpe v. Freeman, 45 N. Y. 802. And Judge Coxe was of opinion that it was established in jurisdictions other than the courts of New York, which had not passed upon the question, that a legatee is in privity with the executor, and bound by a judgment against him (First Baptist Church v. Syms, 51 N. J. Eq. 363, 28 Atl. 461), but that such a rule was not applicable under the facts of this case, because no statute made the legatees liable to pay the judgment against an executor, and, inasmuch as their title or succession to the residuary estate occurred before the institution of the suit against the administrators with the will annexed, there was no privity between them and the legatees; or, as is said in Black on Judgments, "The executor of an estate is in privity with a legatee of personalty until the legacy is delivered, and consequently the latter is concluded by a judgment against the former." The judgment is conclusive against the unadministered personalty in the hands of the executor. 2 Black, Judgm. § 561; Freem. Judgm. § 162; Masten v. Olcott, 101 N. Y. 153, 4 N. E. 274. In this case, before the administrators had notice of the claim the residuary estate had been delivered to the legatees. The correctness of this decision is not now attacked, and the case is presented upon the amended bill, in which the complainant averred that the defense of the action at law was conducted, and all proceedings therein were taken, by the defendants, with the knowledge and consent, and at the instance and request, of the beneficiaries under said will, and of the defendants John E. Roosevelt and W. Emlen Roosevelt, as trustees of the trust created by the said will of Amos Cotting, for the sole benefit of the trust estate and of the trustees and beneficiaries; that a large proportion of the expenses of such defense was borne by the said trustees, and paid by them out of the trust funds; that the beneficiaries consented to such payment of the charges so made against their respective ratable shares in the trust funds; and that said trustees and beneficiaries were informed as to the nature of and issues in said action at law, and took an active part in the defense thereof, with the intent and purpose of protecting the said trust funds, and their respective shares and interests therein. Upon the bill as amended proofs were taken, and the case went to final hearing. It is not now contended with any earnestness that, unless the averments inserted by amendment are found to have been proved, Roosevelt, as trustee, is bound by the judgment against him as administrator with the will annexed. The party sought to be bound by the former judgment must not only have been a party to both actions, "but he should have appeared in the same capacity or character." 2 Black, Judgm. § 536; Collins v. Hydern, 135 N. Y. 320, 32 N. E. 69; Sharpe v. Freeman, 45 N. Y. 807; Bank v. Shuler, 153 N. Y. 173, 47 N. E. 262; Rathbone v. Hooney, 58 N. Y. 463. The judgment against the administrators with the will annexed is not binding upon the same persons in another capacity, but it is asserted that the fact that John E. Roosevelt was the administrator without assets, and is the trustee with abundant assets, makes it probable that he was defending the suit as trustee

and for the benefit of the estate, was making the estate liable for the expenses of the defense, and was doing all with the knowledge of his co-trustee and the beneficiaries; and the complainant therefore urges that the probabilities are strongly in favor of the truth of the amended averments. Again, it is conceded that this suit was not brought under section 1837 of the New York Code of Civil Procedure, which is as follows:

"An action may be maintained, as prescribed in this article, against the surviving husband or wife of a decedent, and the next of kin of an estate, or the next of kin or legatee of a testator, to recover, to the extent of the assets paid or distributed to them for a debt of the decedent, upon which an action might have been maintained against the executor or administrator. The neglect of the creditor to present his claim to the executor or administrator, within the time prescribed by law for the purpose, does not impair his right to maintain such an action."

In this record no attempt was made to prove that the original claim was a debt of the decedent. The complainant relied upon the judgment, and all defenses which Cotting might have had against the existence or the validity of the claim were of no avail. In the appellee's brief the only point now in controversy is stated as follows:

"The admissibility and conclusive effect of this judgment as against the appellants is, then, the decisive point in this case; for, if not conclusive, we may admit that, on the record as it stands, we have not made out our case, and the various defenses of laches, the statute of limitations, and the lack of jurisdiction of the Virginia court are still open to discussion (5th, 6th, 8th assignments of error), and the point that complainant has not proved a 'debt' of Amos Cotting (13th, 14th, 15th, 20th, 21st assignments) is well taken. The question, then, is whether or not the evidence shows that the defendants (appellants) were 'identified in interest' with the immediate parties to the action at law, and were the real 'principals behind the formal parties.'"

This is a question of fact. John E. Roosevelt and Mrs. Schermerhorn, as administrators, defended against the action at law; Mr. Roosevelt being the acting administrator. He told his co-administrator, his co-trustee, and Jameson Cotting, a son of the testator, the fact of the revival of the suit, and told them nothing more. They took no part in the litigation, and knew nothing, practically, about it. He employed counsel, and, being a lawyer, overlooked or superintended the defense, did not counsel or advise with the co-administrator, his co-trustee, or either of the beneficiaries on the subject, but managed it himself, through his counsel, and paid no part of the expenses from either principal or income of the trust estate. He had from the estate, as administrator, after April 8, 1892, $984.79; and he paid for the expenses of this suit $1,004.38, and whatever more is due is due only from the administrators. He testifies that the action at law was not defended for the benefit of the trust estate, or the beneficiaries under the trust; that he assumed the responsibility of making the defense under the advice of his counsel; that it was made entirely as administrator, and in no respects as trustee. At first thought, this would appear to be a strange and perhaps unnatural state of facts, but nonaction on the part of the trustees was probably predetermined, so as not to bind the trust estate; and in view of the testimony of Mr. Roosevelt, and from the probability that, if he understood the advantages resulting from not binding the trust estate, he would act

accordingly, we are of opinion that the averments introduced into the bill by amendment have not been proved, and are not true. A finding that they had been proved would indicate an arrant perversion of truth by the administrator, in regard to a matter in which he had no pecuniary interest. The decree of the circuit court is reversed, with costs, and the cause is remanded to that court, with instructions to dismiss the bill, with costs.