### VANDERBILT et al. v. EIDMAN.

(Circuit Court, S. D. New York. January 15, 1903.)

1 INTERNAL REVENUE—WAR REVENUE ACT—LEGACY TAX.

   Section 29 of the war revenue act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307]) provides that "any person or persons having in charge or trust, as administrators, executors or trustees, any legacies or distributive shares arising from personal property * * * passing after the passage of this act from any person possessed of such property, either by will or by the intestate laws, * * * to any person or persons * * * in trust or otherwise shall be and hereby

are made subject to a duty or tax. * * *" *Held,* that where a testator left his residuary estate to his executors in trust for the benefit of a son, who was to receive the income, and the principal on reaching a certain age, with a proviso that in case of his death before reaching that age the property should go to other lineal descendants of the testator, the tax became fixed on the passing of the property to the executors as trustees, as a single bequest primarily for the benefit of the son, it being immaterial under the terms of the statute, where or to whom it should ultimately pass from their hands, all the beneficiaries named being in the same class, for the purpose of fixing the rate of tax.

At Law. Action to recover legacy taxes paid under the war revenue act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 448. [U. S. Comp. St. 1901, p. 2284]).

Henry B. Anderson, for plaintiffs.

Charles D. Baker, Asst. U. S. Atty., for defendant.

WHEELER, District Judge. The war revenue act of June 13, 1898 (30 Stat. 448), provides (section 29, c. 448, 30 Stat. 464, 2 U. S. Comp. St. p. 2307):

"That any person or persons having in charge or trust, as administrators, executors or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property, as aforesaid, shall exceed the sum of ten thousand dollars in actual value, passing after the passage of this act from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein transferred by deed, grant, bargain, sale or gift made or intended to take effect, in possession or enjoyment after the death of the grantor or bargainer to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be and hereby are, made subject to a duty or tax to be paid to the United States, as follows that is to say: Where the whole amount of said personal property shall exceed in value ten thousand and shall not exceed in value the sum of twenty-five thousand dollars the tax shall be: First. Where the person or persons entitled to any beneficial interest in such property shall be the lineal issue, lineal ancestor, brother or sister to the person who died possessed of such property as aforesaid at the rate of seventy-five cents for each and every hundred dollars of the clear value of such interest in such property,"

—And a successively increasing rate where the beneficiaries are more remote relatives, and the amount or value exceeds the sum of $25,000, or successively increasing fixed sums.

The plaintiffs' testator, Cornelius Vanderbilt, died September 12, 1899, leaving a will containing this clause:

"Seventeenth. All the rest, residue and remainder of all the property and estate, real, personal and mixed, of every description, and wheresoever situated, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, including all lapsed legacies and the principal of any annuities which may terminate and any part of my estate which may not have been effectually devised or bequeathed or from any other source, I give, devise and bequeath to my executors, hereinafter named, and the survivors and survivor of them, in trust, to hold said estate and invest and reinvest the same and to collect the rents, issues, income and profits therefrom for the use of my son, Alfred G., and to apply so much of said net income as may be in their judgment advisable, to his support, maintenance and education, and for the care and maintenance of his property during his minority, and to accumulate any surplus income, such accumulations to be paid to him when he arrives at the age of twenty-one years, and thereafter to pay the net income of said estate to him as receiver until he arrives

at the age of thirty years, when he shall be put in full possession of one-half of the portion of said estate to be set apart for that purpose by my executors and the survivors of them. And upon further trust thereafter to pay to my said son, Alfred G., the income from the balance remaining of said estate until he shall arrive at the age of thirty-five years, when he shall be put in possession of the balance of said trust estate, and the said trustees shall be discharged from any and all liability and responsibility in respect thereof. If my son Alfred G. should die before attaining the age of thirty-five years, leaving issue, such portion of the estate as shall not then have come into his possession shall be divided by my executors into as many equal shares as he may leave children surviving, and one share shall be held by my executors to the use of each child or children until he or she shall attain the age of twenty-one years, when it shall be paid to such child; but if he shall die without child or children, or if none of his children shall attain majority, then it is my will that my son Reginald C., shall in all respects, as to said residuary estate, stand in the place and stead of his brother Alfred G., and that if Alfred shall die without issue before he attains the age of thirty years, then Reginald C. shall receive the income from said estate until he attains the age of thirty years, when he shall be put in possession of one-half the residuary estate, and thereafter Reginald C. shall receive the net income of the remaining one-half of my estate, and on arriving at the age of thirty-five years he shall be put in possession of the whole of said estate, and my said executors shall hold said estate upon such trust, and I give and devise the same accordingly. If Alfred G. and Reginald C. shall both die before being put into possession of said estate, and without issue, I give whatever then remains of my residuary estate to my daughters, Gertrude and Gladys Moore, share and share alike; and if either of my said daughters be then dead leaving issue, her issue to take his or her mother's share, per stirpes and not per capita; and in default of issue, the survivor shall take the principal,"

—And all the children named in this clause surviving him.

The defendant was and is the collector of internal revenue for this district, and as such exacted from the plaintiffs $311,681.36 as a tax on account of this legacy. This suit is brought to recover back this assessment, and the complaint alleges:

"(9) That in order to support the said assessment of the tax the government did, as appeared in the proceedings before the United States commissioner and the collector of internal revenue, wrongfully and improperly claim and rule that, although Alfred G. Vanderbilt then had merely a contingent interest in the principal of said residue dependent upon his attaining the age of thirty years as to one-half and thirty-five years as to the other, yet because he is the beneficiary of the income therefrom in the interval, and inasmuch as he had at his then age an expectancy of life as shown by the mortality tables until the time when he would acquire a vested and indefeasible interest in the principal of said residue, it was to be assumed as a matter of fact that he would live until such time and ultimately receive such residue, and that in consequence there was, for the purposes of taxation, a merger of such interests, and he had a present vested interest in the entire residue which was subject to a present tax, under the provisions of the war revenue act."

The defendant has demurred.

The principal ground for claiming back the money seems to be that these are several contingent legacies for the respective beneficiaries which could only be taxed at their actual value when and as they should become absolutely vested. This is, however, one bequest, and one only, of this residue to the executors in trust, primarily for the benefit of the son Alfred G., although by the happening of events it may reach others of the relatives of the testator. If it should they are all

included in the same class with this son, in the clause quoted of section 29 of the act under which the tax was assessed, and the rate would be the same. The capacities of the executors as such and as trustees for the beneficiaries, although vested in the same persons, were as separate and distinct for the purpose of taking and passing the property as executors, and holding it as trustees for the beneficiaries, as if they had been respectively several persons. Carey v. Roosevelt, 43 C. C. A. 320, 102 Fed. 569. It would pass absolutely from the executors in their capacity as such to the executors as trustees for the beneficiaries, and no part of it would ever go back to the executors as such or to the estate. The act charges "legacies or distributive shares" "passing" "from any person possessed of such property," "by will," "to any person or persons," "in trust or otherwise." This property passed from the testator, by this clause of this will, through the plaintiffs, as executors, to themselves as trustees, to hold, "in trust," for the beneficiaries. In so passing from the testator by will to the persons who became executors as trustees after the death of the testator as grantor, it precisely fulfilled the words of the statute laying the tax. The assessment is not laid upon the beneficiaries personally, but upon the property; and not upon that as it reaches them, but in cases like this as it goes to the trustees for them. Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969.

The complaint does not show the amount of this bequest, nor how much the tax assessed upon it as a single bequest in this manner would be, and consequently not in figures whether it would be less than the $311,681.36 collected; but quite obviously, by estimate, it would not be less than that, and so it does not appear from the complaint that any sum too large was assessed and collected by adopting the manner set forth.

In this view the complaint fails to show any cause of action, and cannot be upheld. Demurrer sustained.