ADAMS & FORD CO. *v.* CULLEN.

JUSTICES OF THE PEACE—ADJOURNMENTS — SHOWING REQUIRED — JURISDICTION—STATUTES.

A justice of the peace, who adjourns an action against the objection of one party without a sworn showing of cause, loses jurisdiction. 1 Comp. Laws, § 791.

Error to Ogemaw; Sharpe, J. Submitted January 13, 1910. (Docket No. 68.) Decided February 3, 1910.

Assumpsit in justice's court by the Adams & Ford Company against Michael J. Cullen for goods sold and delivered. There was judgment for plaintiff, and defendant appealed to the circuit court by writ of certiorari. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*William T. Yeo,* for appellant.

*Bennett & Moore,* for appellee.

HOOKER, J. Plaintiff, a nonresident corporation, sued defendant in assumpsit in justice's court. Defendant appeared specially upon the return day, and moved to dismiss the cause for the neglect of plaintiff to file security for costs. This motion was overruled, whereupon plaintiff's counsel offered to become security. The defendant objected to this, upon the sole ground that the statute prohibited such action, and the justice so held. Thereupon, without a showing on oath, plaintiff moved an adjournment of the cause for the purpose of obtaining a surety, and this motion was granted against defendant's objection. On such adjourned day defendant did not appear, and plaintiff took judgment. The judgment was affirmed on certiorari by the circuit court, and it is before this court by writ of error.

We are constrained to reverse the judgment upon the ground that the justice lost jurisdiction by his adjournment of the cause without a showing on oath that it was necessary. A justice's power to adjourn a cause against objection rests upon the statute, which requires a showing on oath. See *Stadler* v. *Moors,* 9 Mich. 267; *Warner* v. *Comstock,* 55 Mich. 618 (22 N. W. 64). It has been held that an unauthorized adjournment ousts the justice of jurisdiction. *Stadler* v. *Moors, supra; Ruberts* v. *Hathaway,* 42 Mich. 502 (4 N. W. 307); *Segar* v. *Lumber Co.,* 81 Mich. 344 (45 N. W. 982).

Judgment reversed, with costs of all courts.

MOORE, McALVAY, BLAIR, and STONE, JJ., concurred.