CHAMBERLAIN MEDICINE CO. *v.* VANDER VEEN.

Justices of the Peace—Adjournments—Continuance without Showing of Cause.

A justice of the peace loses jurisdiction of a case which he adjourns without a showing of cause on the part of the one moving for the adjournment, as required by 1 Comp. Laws, § 791.

Error to Ottawa; Padgham, J.   Submitted February 8, 1911.   (Docket No. 197.)   Decided March 13, 1911.

Assumpsit in justice's court by the Chamberlain Medicine Company against Jacob Vander Veen and Claude E. VanderVeen.   Plaintiff obtained a judgment, from which defendants appealed specially to the circuit court.   A judgment for defendants is reviewed by plaintiff on writ of error.   Affirmed.

*Peter J. Danhof* and *James J. Danhof,* for appellant.

*Daniel F. Pagelsen,* for appellees.

BROOKE, J.   This case was commenced in justice's court by summons.   The proceedings had on and after the return day are set out in the return of the justice as follows:

" The cause was commenced by summons issued on the 11th day of April, A. D. 1910, returnable at my office in the city of Grand Haven, in said county, on the 19th day of April, 1910, aforesaid, at 8 o'clock in the forenoon, parties present in court by their respective attorneys.   The plaintiff declared orally on the common counts in assumpsit, claiming damages in the sum of three hundred dollars, and filed order and bill as evidence under the statute, and declares also specially upon the order.   The defendant appeared specially and moved to dismiss, because the plaintiff being a nonresident plaintiff, and no security for costs had been given at the time of the issuance of the summons.   This motion was overruled by the court.   Defendant then demanded security for costs.   Pleaded the general issue, and gave notice of set-off.   Plaintiff moved for an adjournment for one week, to which defendant objected, and stated that he was ready for trial.   The motion of the plaintiff was granted by the court, and said cause was adjourned until the 26th day of April, 1910, at the same time and place.   Peter J. Danhof was duly sworn as to his authority to appear on the behalf of the plaintiff in this cause.   On the 26th day of April the said cause was called at 8 o'clock in the morning.   Plaintiff

was present by his attorney, Peter J. Danhof, who moved to have the cause adjourned one week, as the plaintiff had been absent and had not returned in time to get security for costs. Daniel F. Pagelsen, attorney for the defendant, present in court, and objected to the adjournment. The court sustained the motion of the plaintiff and adjourned the cause to the 3d day of May, A. D. 1910, at the same time and place. On the third day of May, 1910, the said cause was called at 8 o'clock in the forenoon. Plaintiff was present by his attorney, Peter J. Danhof. After waiting one hour and the defendant not appearing, I proceeded to trial. Peter J. Danhof being first duly sworn, testified on the behalf of the plaintiff and demanded a judgment in favor of the plaintiff and against the defendant in the sum of twenty-five dollars damages and costs of suit. After hearing all of the evidence, I forthwith rendered a judgment in favor of the plaintiff and against the defendant in the sum of twenty-five dollars damages and costs of suit, taxed at two and $\frac{90}{100}$ dollars; total, $27.90. And as to the matters and alleged errors stated and set forth in the affidavit to appeal in said cause hereunto annexed, I do further return that I did overrule a motion made by the attorney for the defendant to dismiss the said cause, because no security for costs had been given at the time of the issuance of the summons in this cause.

"(2) That I granted to the plaintiff on a motion made by its attorney an adjornment for one week over the objections of the defendant.

"(3) That I refused to proceed to trial as demanded by the defendant.

"(4) That I granted an adjournment for one week on the application of the plaintiff without any showing on oath having been made by the plaintiff therefor, as required by the statute.

"(5) That I continued to exercise jurisdiction of said cause on the date to which said cause had been adjourned.

"(6) That I granted to the plaintiff a further adjournment of one week, over the objections of the defendant.

"(7) That I granted to the plaintiff an adjournment after the first adjournment, over the objections of the defendant, without any showing being made on oath by the plaintiff, as required by the statute.

"(8) That I did assume jurisdiction of the said cause and granted an adjournment to the plaintiff on the adjourned day.

"(9) That I claimed to have jurisdiction, received testimony, and rendered judgment after the cause had been twice adjourned, without any showing on oath having been made at either time, to warrant such adjournment.

"(10) That I rendered a final judgment in said cause and entered the said judgment on my docket, but neither admit nor deny that I had no jurisdiction so to do."

Defendants removed the case to the circuit court by special appeal, where the judgment of the justice's court was reversed. Plaintiff has now, by writ of error, brought the case to this court for review.

There is but one question involved. Did the justice lose jurisdiction of the case by reason of the alleged irregularities of the adjournments of April 19 and 26, 1910? The law governing adjournments in justices' courts will be found in section 791, 1 Comp. Laws.

The return of the justice shows conclusively that both adjournments were granted over the objections of defendants, and in the absence of any showing of necessity therefor, under oath, as required by statute. The unauthorized acts were sufficient to oust the justice of jurisdiction. *Adams & Ford Co.* v. *Cullen*, 159 Mich. 669 (124 N. W. 549), and cases there cited.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.