**CRAGIN & CO., Inc., v. INTERNATIONAL S. S. CO.**

(Circuit Court of Appeals, Second Circuit. November 8, 1926.)

No. 16.

**1. Principal and agent ⬡183(1).**

At law, agent as such has no authority to sue in his own name.

**2. Admiralty ⬡41.**

In admiralty, agent for absent owners can sue in his own name in behalf of principal.

**3. Judgment ⬡707.**

Judgment per se binds only parties and privies.

**4. Judgment ⬡695—In absence of mutual or successive relationship to property rights, there was no privity between principal and agent, as respects agent's libel against third party.**

In absence of mutual or successive relationship to property rights, there was no privity between principal and agent as respects libel in admiralty by agent against third party, and plea of res judicata could not have been sustained as to principal.

**5. Judgment ⬡668(1).**

Judgment is not binding, even on party, except in same capacity in which he is party to it.

**6. Judgment ⬡695—That defendant's agent recovered judgment against plaintiff as charterer held not to estop defendant from denying that plaintiff was charterer in plaintiff's subsequent action as trustee.**

That defendant's agent had sued plaintiff as charterer and recovered judgment for charter hire *held* not to estop defendant from denying that plaintiff was charterer in plaintiff's subsequent action to recover brokers' commission, as trustee for brokers.

In Error to the District Court of the United States for the Southern District of New York.

Action by Cragin & Co., Inc., as trustee, etc., against the International Steamship Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Complaint alleged that certain named brokers at London, England, procured a time charter for a steamship belonging to defendant, and that said time charter was "executed by and between the defendant as owners and the plaintiff as charterers" at the said city of London. The charter party provided for a commission on the estimated gross amount of freight or hire to be paid to said brokers.

Complaint then alleged that under the law of Great Britain, where the charter party was made and where the services of the brokers were rendered, "the plaintiff by virtue of the said charter party as charterer thereunder is a trustee for the benefit of" the said brokers,

and therefore sued to recover the brokers' commission. The answer admitted the execution of the charter party, but denied inter alia that plaintiff was the charterer.

At trial it appeared that at the time the charter party was made there was a partnership known as Cragin & Co., and that the charter was made to that partnership. Some time later the business of the partnership was incorporated, assuming the name of the present plaintiff.

Plaintiff proved over objection that, some years before this suit began, a firm named Suzuki & Co. had filed a libel in admiralty against Cragin & Co., Inc., to recover unpaid charter moneys arising under the same charter as that referred to in the pleadings herein. Suzuki & Co. sued to recover this charter hire in their own name, but alleged that they, "as agents for Messrs. the International Steamship Company of Kobe, Japan, owners of the" chartered steamship "entered into a time charter of said vessel to the respondent"; i. e., Cragin & Co., Inc.

The libel proceeded to allege payment of portions of the charter hire by Cragin & Co., Inc., and default as to the rest. To this libel in personam Cragin & Co., Inc., interposed an answer which was stricken out as sham. Whereupon Suzuki & Co. took a default interlocutory decree, had their damages assessed, entered judgment, and issued execution, which was returned nulla bona.

These facts appearing, defendant urged that under the law of Great Britain the only trustee for the brokers was the partnership. Plaintiff avoided this by urging that on the evidence defendant was estopped from denying that the corporation was a charterer, and therefore the trustee, because Suzuki & Co., defendant's agents, had sued the corporation for charter money and had recovered. The trial court gave judgment dismissing the complaint, and the plaintiff took this writ.

Sobel & Brand, of New York City (Joseph I. Green, of New York City, of counsel), for plaintiff in error.

Hunt, Hill & Betts, of New York City (George C. Sprague and H. Victor Crawford, both of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Admittedly nothing is due the plaintiff individually; it sues as trustee for brokers under Kokusai v. Argos (C. C. A.) 280 F., 700. The existence of the trustee-

ship depends on the truth or falsity of the assertion that plaintiff chartered defendant's vessel. The truth is that plaintiff did not so charter, but it is asserted here—and this is the gist of the whole case—that, because Suzuki & Co. (being defendant's agents) sued plaintiff as charterer and recovered judgment for the charter hire, defendant is now estopped of record from denying that defendant did so charter.

To put it another way, because Suzuki & Co., as agents for defendant, said that plaintiff was the charterer, in a suit against plaintiff which passed to judgment, defendant is now estopped; i. e., "concluded and forbidden in law to speak against his own act or deed, yea though it be to speak the truth." Asphitel v. Bryan, 3 Best & S. 474, quoting Co. Litt.

[1, 2] Let it be admitted that a default judgment is as efficacious as any, yet the nature of this judgment will bear examination. At law Suzuki, as agent, had no authority as such to sue in his own name (Mechem [2d Ed.] § 2020; and see, especially, Buckbee v. Brown, 21 Wend. [N. Y.] 110); but, as the suit was in admiralty, Suzuki, as agent for absent owners, could so sue. The Thames, 14 Wall. 98 at 109, 20 L. Ed. 804; and see the cases collated in National, etc., Co. v. Emmons [D. C.] 270 F. 997.

[3, 4] Now, assuming that the suit was lawfully brought, the judgment per se binds only parties and privies. This defendant was no party, and, there being no mutual or successive relationship to property rights between agents and their principals, defendant was not in privity with Suzuki. Warner v. Comstock, 55 Mich. 615, 22 N. W. 64; Fogg v. Plumer, 17 N. H. 112; Hayes v. Bickelhoupt (C. C.) 24 F. 806; Chapman v. Waterman, 176 App. Div. 697, 163 N. Y. S. 1059; United States Bank v. Union Bank, 268 Pa. 147, 110 A. 792. For a case rather like this one, see Lawrence v. Ware, 37 Ala. 553. It follows that no plea of res judicata could have been sustained.

To be sure, there was no such plea, and the roll (or its admiralty equivalent) was offered in evidence by plaintiff to support its contention that it was the charterer, and therefore the trustee. Let this procedure be admitted as technically correct under Harms v. Stern, 229 F. 42, 145 C. C. A. 2, and cases cited. Then the result is that in this action plaintiff can only rest on the doctrine of Souffront v. La Compagnie, 217 U. S. 475, 30 S. Ct. 608, 54 L. Ed. 846, and assert that defendant prosecuted Suzuki's suit, and did it in the name of another to establish its own right,

and is therefore as much bound by the resulting judgment as if it had been a party to the record.

[5] As to this we observe no evidence whatever that defendant did anything of the kind, or that it even knew what Suzuki did; on this record, Suzuki only exercised his legal right to sue in admiralty, and did so on his own responsibility. But let it be admitted, for argument's sake, that Suzuki did sue by authority, and that defendant did actively cause the wrong defendant to be sued to judgment, still no judgment is binding even upon a party (and a fortiori upon a privy), except in the same capacity in which he was a party to it. Troxell v. Delaware, etc., Co., 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586; Carey v. Roosevelt, 102 F. 569, 43 C. C. A. 320; Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69, and cases cited; Henry v. Missouri, etc., Co., 98 Kan. 567, 158 P. 857, Ann. Cas. 1918E, 1094; Chumos v. Chumos, 105 Kan. 374, 184 P. 736; Held v. Houser, 53 Colo. 363, 127 P. 139; Dahlman v. Forster, 55 Wis. 382, 13 N. W. 264; Bamka v. Chicago, etc., Co., 61 Minn. 549, 63 N. W. 1116, 52 Am. St. Rep. 618; McBurnie v. Seaton, 111 Ind. 56, 12 N. E. 101.

[6] The judgment on which this plaintiff relies was procured against it in its capacity as individual charterer. It does not estop or prevent defendant from showing the truth in this action by plaintiff as trustee.

Judgment affirmed, with costs.