## Case No. 2,924.

### COBB v. HOWARD et al.

[3 Blatchf. 524.] [1]

Circuit Court, S. D. New York. Sept. 23, 1856. [2]

ADMIRALTY — BREACH OF CONTRACT OF PASSAGE — SUIT BY TRANSFEREE OF TICKET.

1. It is every day's practice, in the admiralty, to allow suits to be brought in the name of the assignee of a chose in action.

[Quoted in The Sarah J. Weed, Case No. 12,-350. Cited in Minturn v. Alexandre, 5 Fed. 119.]

2. The transferee of a passage-ticket can bring an action in personam in his own name, in the admiralty, for a breach of the contract contained in the ticket.

3. Where A. contracted, at New York, to have a vessel at Panama at a certain time, to carry passengers to San Francisco, and received their fare in advance, but the vessel, being disabled, by stress of weather, on her voyage from New York to Panama, did not arrive there by the time specified, held, that this was no excuse for the non-fulfilment of the contract, and that A. was liable to return the passage-money.

4. Until a passenger becomes connected with a vessel as a passenger on board, he is in no way subject to her casualties or misfortunes occurring through stress of weather or otherwise.

[Appeal from the district court of the United States for the southern district of New York.]

This was a libel in personam, filed in the district court, to recover the sum of $1,500

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 2,925.]

and interest, for the breach of a contract, made at New York, to convey ten passengers in the steamship New Orleans from Panama to San Francisco, the vessel to leave on her trip in the month of April, 1850. The fare paid was $150 for each passenger, and an engagement was given for each passage in the form of a ticket. The ten purchasers presented themselves at Panama on the 1st of April, to take their passage; but the vessel had not then arrived, and did not arrive till the month of August following. She left the port of New York in February, but encountered rough and stormy weather, and was obliged to put into St. Thomas for repairs, where she was detained a long time; and this was probably known to the passengers at Panama. The brig Anna, belonging to the libellant [William Cobb] was at that place in April, and sailed from thence to San Francisco on the 3d of the month. The ten passengers took passage in her, and transferred their tickets to her master for their fare, and he transferred them to the libellant. The district court decreed in favor of the libellant [Case No. 2,925], and the respondents [John T. Howard and others] appealed to this court.

Welcome R. Beebe and Charles Donohue, for libellant.

Francis B. Cutting and John Sherwood, for respondents.

NELSON, Circuit Justice. It is objected that this suit is not brought in the name of the original parties to the contract; but it is every day's practice, in the admiralty, to allow suits to be brought in the name of the assignee of a chose in action. The libellant is the real owner of the tickets, and, therefore, the proper person to bring the suit, and in his own name.

It is also objected, that the disabling of the New Orleans by stress of weather excuses the fulfilment of the contract at the time provided for. How this might be in a case where the passenger was on the vessel at the time of the casualty which caused the delay in the voyage, it is not now necessary to determine. Certainly, until the passenger becomes connected with the vessel as a passenger on board, he is in no way subject to her casualties and misfortunes, occurring through stress of weather or otherwise. He is a stranger to her. The contract bound the owner to have his vessel at the place and time designated. He had stipulated that as part of the consideration for the price paid, and had assumed the responsibility of performance; and the failure operated as a breach of the engagement, and made him liable to return the price paid. The winds and waves, or the weather, are no excuse for the non-fulfilment of the contract as to the time of the commencement of the voyage. If those circumstances had been intended as elements of it, they should have been expressly provided for by the owner; and then all parties concerned would have understood it.

It is said that the passengers should have waited at Panama through the month of April, and that the owner had the whole month to furnish his vessel there. Admitting that he had the month, the utmost that can be claimed is, that the passengers took the risk, if the vessel arrived within the month, of losing their right to demand a return of the fare. There was no abandonment of the voyage, for the tickets for the passage-money were appropriated to the completion of it. The passengers doubtless knew the disabled condition of the New Orleans, and that she could not arrive at Panama in time to fulfil her engagement; and it would have been an idle act to have waited through the month, especially as there seems to have been no provision made by the owners for the substitution of another vessel, nor indeed, for aught that appears, any interest or concern taken in the matter.

The decree below was right, and should be affirmed.