MINTURN and others *v.* ALEXANDRE and others.

(*District Court, S. D. New York.* ———, 1880.,

1. COLLISION — DAMAGE TO CARGO — LIBEL — AVERMENT OF — TITLE — PLEADING — PROOF.

    A libel, filed to recover damages for collision to a cargo, should contain averments showing unequivocally, and with reasonable certainty, that the libellants had such a special or general right of property in the cargo that by its loss or injury they had suffered damage.

    Where the libel averred that certain sugars were laden on board the British bark H., "to be carried thereon to the port of New York, and thence safely delivered to your libellants, and bills of lading therefor duly signed by the master of said bark, naming the libellants as consignees of said sugars';" and also averred "that by the collision your libellants have suffered damage in the value of said cargo $25,000,"—

    An exception having been filed to the libel that it did not aver what, if any, interest the libellants, as consignors, had in the property:

    *Held*, that the averments of the libel did not necessarily import that the libellants had any interest in the goods, and that the exception to the libel must be sustained.

    Distinction between the sufficiency of proof of facts as evidence, and the sufficiency of the averment of facts as matter of pleading, stated.

In Admiralty.

*R. D. Benedict*, for respondents.

*G. A. Black*, for libellants.

CHOATE, D. J. This is a libel for collision. The libel avers that there was laden at the port of Havana, on the British bark Helen, certain sugars, "to be carried thereon to the port of New York and there safely delivered to your libellants, and bills of lading therefor duly signed by the master of said bark, naming the libellants as consignees of said sugars." The libel then avers in proper form the facts of the collision by which the vessel was sunk upon the voyage. It also avers "that by the collision your libellants have suffered damage in the value of said cargo $25,000." An exception is filed by the respondents because the libel does not aver "what, if any, right, title, or interest the said libellants, as consignees, had in said sugars at the times in the libel mentioned." This

exception must clearly be sustained, because the libel contains no averment whatever of the delivery of the bill of lading to the libellants, or to any one for their use; or, by other proper averment, shows in any way that they consented to or became parties to the consignment.

A bill of lading may be made out *naming* a person as consignee, but something more is necessary to make the person so named a consignee. That relation to property cannot be 'established without such person's consent or against his will; and a delivery of a bill of lading or some agreement in relation to the shipment, between the shipper and the person named as consignee, is just as necessary as the delivery of a promissory note is necessary to make it anything but a piece of paper with scratches on it. Nor is any title in the shipper averred unless it be under the somewhat ambiguous statement that the bills of lading were duly signed. The averment cannot be taken to mean more than this: that somebody whose name is not given, having possession of the sugars, shipped them, and took bills of lading in which the libellants were named as consignees. But, passing these obvious defects, the respondents are entitled to have the libel state what, if any, interest as consignees the libellants had in the goods.

It is true that the possession of a bill of lading by the consignee named therein, or by the indorsee thereof, is *prima facie* evidence of ownership of the goods, just as possession of the goods themselves would be, and that the possession of such bill of lading is also *prima facie* evidence of the transfer to the consignee, or indorsee of the bill, of the title or interest which the shipper had at the time of shipment, whatever that may be. *Lawrence* v. *Minturn,* 17 How. 107; *The Idaho,* 93 U. S. 575. But a bill of lading neither makes a title where the shipper has none, nor transfers a title as between shipper and consignee, unless such is the intention of the parties. The ground sometimes taken, that at least a naked legal title passes by mere force of the terms of the bill, without regard to the intention of the parties, is inconsistent with the well-settled rule of the common law, that the owner of personal

property is not deprived of his title except with his own consent, unless it be in favor of a party who has parted with value on the faith of an apparent title created by the act of the owner himself in another. There is clearly nothing in the form of a bill of lading, or the indorsement of it, which, as between the consignor and consignee, precludes the former from showing that the transfer of the property is intended as security only, or that it was only intended for the purpose of transferring the possession of it to the consignee for the use and benefit of the consignor, with or without a power to sell it, or deal with it otherwise than simply to hold it subject to his further order. The simple fact, therefore, that libellants are the holders of a bill of lading, naming them as consignees of the goods, does not necessarily import that they have any interest in the goods whatever. It is quite consistent with this fact that the only agreement between them and the shipper is that when the goods arrive they will receive and keep them subject to his order.

The established rule of the admiralty courts is that the suit must be brought in the name of the real party in interest. *Fretz* v. *Bull*, 12 How. 468. So well settled is this rule that, long before the assignee of a chose in action was allowed in courts of common law to sue in his own name, his right to sue as the real party in interest was recognized in the admiralty. *Cobb* v. *Howard*, 3 Blatchf. 524. It is insisted, however, that it is enough to allege in the libel those facts which, if shown in evidence, will make a *prima facie* case. The argument is unsound. Pleadings must be unequivocal. They must be definite. They must be certain to a reasonable intent. The fact to be averred and proved by a libellant in a collision suit is that he has such an interest in the thing damaged, by reason of a special or general right of property therein, that by its loss or injury he has sustained damage. Such interest must, therefore, be averred unequivocally and with certainty. Pleadings which may well be true, and yet no damage to the party follow as a consequence, state nothing that need be answered. Facts which are held sufficient *prima facie* proof of ownership are so held because they create

such an appearance of ownership, such a probability of ownership in the absence of any other facts, that the evidence of those facts satisfies that cardinal rule of the common law which holds a fact proved as matter of evidence, and for the determination of all rights when the preponderance of the evidence is in favor of the fact to be established. Examples of this kind of *prima facie* proof are the evidence of possession of goods as *prima facie* proof of ownership, and evidence of possession of a bill of lading by a consignee as *prima facie* proof of the transfer to him of the shipper's title. But possession is not the same thing as title, although it may be sufficient evidence of it if nothing else appears. Nor is an apparent transfer of another's title the same thing as a title in the transferee. I think, therefore, it is the right of the respondents, by exception to the libel, to compel such an averment as will show with reasonable certainty that the libellants have, as consignees, some actual interest, and the nature of that interest, and without such averment there is nothing for the respondents to answer. A general averment that the libellants have sustained damages in a certain amount, by reason of the loss of the goods by the collision, is clearly not enough.

The distinction between the sufficiency of the proof of facts as evidence, and the sufficiency of the averment of facts as matter of pleading, may be thus stated. Facts, as evidence, are sufficient when they produce an appearance, or probability of the existence of a right or title, which, by the established rules of evidence, constitute *prima facie* proof. But the rules of pleading require not the averment of the appearance or probability merely of a right or title, but the averment with reasonable certainty of the actual existence of a right or title.

Exception sustained.