## ALBERT T. ROSASCO, Libellant,

### *v.*

## BARK "LAUNBERGER."

---

San Juan, Admiralty, No. 1208.

FORM OF LIBEL.

Admiralty—Personal Oath to Libel.

    1. Personal oath of the libellant is not essential where the libellant is practically inaccessible.

Proctor—Form of Verification.

    2. There is no special form required by law, but the oath must be to the truth of the facts stated. The form in Benedict's Admiralty followed.

Libel—Damages.

    3. Admiralty proceedings are more informal than others, and particularities in pleadings less insisted upon as to damages and otherwise.

Party in Interest—Assignee of Charter Parties.

    4. The assignee of the charter party is the party in interest, and should bring the proceeding in admiralty for violation.

Admiralty—Alternative of Tort or Contract.

  5. A libel which can be construed as either in contract or in tort cannot be said to join contract and tort.

Admiralty—Contract and Tort.

  6. Contract and tort may be joined in a libel, the one depending upon the nature of the contract and the other upon the place of the tort.

Admiralty—Pleading.

  7. A statement of sale of goods in order to show that the ship cannot deliver them is a detail of the damages, and not impertinent.

Opinion filed August 23, 1917.

———

*Mr. J. R. F. Savage* for libellant.

*Mr. O. B. Frazer* for claimant Davis.

HAMILTON, Judge, delivered the following opinion:

This cause comes on to be heard upon motion for personal oath and also upon exceptions to the libel.

1. The personal oath of the claimant would be a hardship in this case. He is alleged to be an American citizen residing in Italy, and it would take a good deal of time and trouble, if it would be possible at all, to secure his personal oath. The rule of court does not require it. Admiralty rule 1 requires that libels "shall be verified by the oath or affirmation of the libellant, or, in his absence from the district, by his proctor or authorized agent," and in fact the oath may be dispensed with by a special order of the judge for sufficient cause. Sufficient cause seems to be shown to dispense with personal oath. This motion is overruled.

Rosasco v. Bark "Launberger."

2. The first exception to the libel sets up that it is not properly verified by the proctor although the libellant is not within the district. The verification states that the libel has been prepared from documents, letters, and facts within his personal knowledge, and that he believes all the matters set forth are true. Is this sufficient? The form of verification of a libel given at the end of the first form of libel in Benedict's Admiralty, p. 555, is that the affiant "has read the foregoing libel and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true." In Cohen, Admiralty Law, p. 356, the verification is, "appeared personally the libellant and was sworn to the truth of the foregoing libel." The same form is found in 2 Conkling, Admiralty, p. 488. In Dunlap, Admiralty Pr. p. 423, the form is, "Sworn to by the libellant before me." In some jurisdictions verification is not required in any form. And in the southern district of New York, on the other hand, all libels must be supported by oath. Dunlap, Admiralty Pr. pp. 126, 127. There cannot be said to be any special form required by law except that the oath must be made to the truth of the facts stated. This in pleadings generally is usually varied by limiting the oath of truth to what is stated as of knowledge, as in the form in Benedict. There seems to be no reason why this should not be followed as the usual practice; and the exception, therefore, to the verification is sustained. Let the affiant follow the form given in Benedict as nearly as possible.

3. The damages sustained are not stated except in general terms, but this seems to be sufficient in admiralty practice.

Rosasco v. Bark "Launberger."

In admiralty, proceedings are more informal and more quickly disposed of than in any other kind of judicial proceedings. Form, therefore, is less important and the particularity ordinarily required of pleadings is less insisted upon. The form given in Benedict is in substantially the wording of the one at bar. Benedict, Admiralty, 4th ed. pp. 576, 584.

4. An exception is urged on the ground that the libellant, on the face of the libel, is an assignee of the charter party; and it is insisted, therefore, that he is not a party to the contract, and cannot bring action. Minturn v. Alexandre, 5 Fed. 117; The Prussia, 100 Fed. 484; The Trader, 129 Fed. 462. On the other hand, the party entitled to relief is the one who should bring the suit. Benedict, Admiralty, 4th ed. § 309. If the cargo in question belongs to the consignee, and that would seem to be shown by the assignment of the bill of lading to the consignee, he is the one to sue for nondelivery. The libel does not show that the libellant is the owner of the cargo, in so many words, but it may be a proper inference from the fact of assignment. However that may be, the contract itself, that is to say, the bill of lading, expressly says that the goods "are to be delivered in the like good order and condition at the Port of Genoa (the dangers of the seas only excepted) unto order of shippers, or to their assigns, and all other conditions as per charter party. Freight prepaid. . . ." So far as concerns the law of the case it would seem that the party really interested is the consignee, that is to say, assignee of the bill of lading, who is the libellant, and such is contract. If the facts develop otherwise, there will be opportunity to raise objection in another form.

5. A further exception alleges that the allegations of the

Rosasco v. Bark "Launberger."

libel show that the cause of action is not in admiralty. Admiralty jurisdiction depends as to contracts upon the nature of the subject-matter, not on locality. Benedict, Admiralty, § 181. As to torts it depends upon the place where the wrong complained of occurred. Id. §§ 231, 232. If this be a libel for nonfulfilment of contract to deliver cargo, the basis is a maritime contract; if it be for the wrongful conversion of the cargo, this is a tort which necessarily occurred while the vessel was afloat, whether on the high seas or in the harbor of San Juan. In either view of the case the libel, although very brief in its terms, seems to relate to a matter within admiralty jurisdiction.

6. The next exception is that in the libel are improperly joined a cause of action sounding in contract with one sounding in tort. It is not clear that this is so. One construction of the libel is that it complains of an act which may be either contractual or tortious, but it hardly amounts to a joinder of the two causes of action. However, this is not material, as it has been held that both tort and contract may be joined in one libel. 1 Cyc. 849. The policy of the law is indicated in Revised Statutes, § 978, Comp. Stat. 1916, § 1619, which in some cases requires that all causes of action growing out of one transaction shall be joined.

7. It is claimed that an allegation of sale of goods without rendering account is important and scandalous. This, however, seems to be a detail of the damage complained of, and tends to show that the bark has put it out of her power to comply with the contract to deliver the goods in general. While it may not be essential, it cannot be said to be impertinent to the issue.

Rosasco v. Bark "Launberger."

The exception as to verification is sustained; the others are overruled.

It is so ordered, and five days allowed to amend.