## THE VALDURA.

(District Court, E. D. New York. December 13, 1922.)

1. Admiralty ⊚➝66—Withdrawal of libel granted.

Withdrawal of a libel and the filing of a second one was permitted, where there was only a special and no general appearance in behalf of the boat seized.

2. Admiralty ⊚➝83—Commissioner may fix amount of damages resulting to shipper by reason of stranding and incident expenses.

Where it is admitted that there was a natural liability for salvage services, for which libelant shipper is answerable, the amount only is to be determined; that can be done by reference to a commissioner.

3. Admiralty ⊚➝33, 35—Libel action held not premature, or objectionable by reason of prior filing of libel in rem.

Where, by filing a libel, shipper placed itself in a position from which it could not escape, namely, that it was liable for salvage resulting from stranding of vessel libeled, court refused to sustain exceptions that the libel was prematurely filed; the court being satisfied that a decree must follow against the libelant for the salvage services, and that a libel in rem had already been filed by libelant in respect of actions in rem brought by the alleged salvors against the cargo.

In Admiralty. Libel by the Compania General de Tabacos de Filipinos against the steamship Valdura, her engines, boilers, etc. On exceptions to libel. Exceptions overruled.

Bigham, Englar & Jones, of New York City (D. Roger Englar and Forrest E. Single, both of New York City, of counsel), for libelant.

⊚➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Ira A. Campbell and Edwin S. Murphy, both of New York City, of counsel), for The Valdura.

GARVIN, District Judge.  On December 5, 1922, the libelant filed a libel in this court, claiming damages in the amount of $180,000, by reason of the fact that the Valdura, which was carrying a cargo belong-ing to libelant, stranded near Honolulu in July, 1922, because of un-seaworthiness and of negligence of her officers, and that the cargo in-curred liability for salvage service thereafter rendered for which it was necessary to file security in the sum of $180,000.

Exceptions to this libel were filed on two grounds.

I. That the libel is premature.

II. That the libel does not contain an allegation that the res, against which process is sought, is within the jurisdiction of this court.

[1] The second exception was concededly good, but the omission has been cured by an amendment allowed by the court.  The first exception was argued December 9th, and while briefs were in preparation a sec-ond libel was filed on December 11th.  In view of the filing of the sec-ond libel, permission has been asked by libelant to withdraw the first. There has been no general appearance in behalf of the boat seized, and permission to withdraw the libel is therefore granted.

Exceptions to the new libel have been filed on the following grounds:

"First. The libel does not separately state and number the various causes of action therein contained.

"Second. Such portions of the total damages claimed as are therein alleged to have arisen by reason of (a) alleged salvage services rendered to the cargo at Honolulu; (b) alleged premiums on bonds filed by the cargo in actions in rem brought by the alleged salvors at Honolulu; (c) alleged cable expenses in-curred in procuring the bonds filed by the cargo in the actions in rem brought by the alleged salvors at Honolulu; (d) legal expenses incurred in the defense of actions in rem brought by the alleged salvors in Honolulu—are not items of damage and the libel in so far as it makes claim for the aforesaid items is pre-mature.

"Third. A libel in rem has already been filed by the same libelant, claiming damages in respect of actions in rem brought by the alleged salvors against the cargo at Honolulu."

The claimant admits that the last filed libel sets up damages actually sustained by libelant, cargo damage and interest paid on cargo drafts due to the delay in transportation, and offered to litigate those questions; but libelant insists that the ship must be bonded to provide for the other and larger items of damage.  As only one cause of action is in-volved, an action on contract, the first exception is overruled.  As well stated in libelant's brief, the action is based upon the failure of the Valdura to deliver the cargo at New York, free of liens, as it had agreed by the contract of affreightment; the Valdura having subjected it to a heavy lien for salvage at Honolulu.

[2] The various items of damage set forth in the second excep-tion will nearly all (if not all) be included in libelant's expenses in-curred as a necessary result of the actions in rem brought by the al-leged salvors of the cargo.  That there is an actual liability for sal-vage services for which the libelant is answerable by its own ad-

missions contained in the libel herein is plain; that liability is indeed to be determined, so far as the amount is concerned, but in view of the allegations of the libel, only the amount is to be fixed. That can be done in this action by a commissioner, under the authority of the decision of Judge Hough in the case of British & Foreign Marine Insurance Co., Limited, et al. v. Kilgour S. S. Co. (D. C.) 184 Fed. 174.

There, it is true, the parties had agreed upon the actual amount of damage, yet nevertheless Judge Hough ordered a reference to determine the exact sum. Here the parties involved agree that some amount is due, although they have not settled upon any sum as in the Case of Kilgour, supra.

[3] Both sides rely upon Munson S. S. Line v. Glasgow Navigation Co., 235 Fed. 64, 148 C. C. A. 558. The facts are not exactly similar to those of the case now before the court, but there is no doubt that the Circuit Court of Appeals decided that the court below erroneously dismissed the libel; to that extent the case is authority for libelant's contention that the libel has not been prematurely brought. If I were not fully satisfied that by filing this libel, a position has been assumed by libelant from which it cannot escape, namely, that it is liable for salvage in some amount, I should have some hesitation in overruling the exceptions; but I am satisfied that a decree must follow for the salvage services, and in connection with that litigation, libelant has already paid out a substantial sum, so that it has undoubtedly been actually and permanently damaged. In order, however, that there may be no mistake upon this point, and that libelant here may not later change its position, and assume an attitude disclaiming liability in the salvage suits in which it may possibly prevail, the order to be made herein will provide that it is upon condition that this libelant admit for all purposes that it is under some liability for the salvage services, for which it must answer in damages. The second and third exceptions are overruled.

Other authorities are cited, but they are not decisive of the points involved. A prompt determination is desirable, for which reason a more extended discussion is omitted. The interesting questions have been presented with great ability by the learned proctors for both parties, whose research and argument have been of material assistance to the court.

The exceptions are overruled. Settle order on notice.