## THE CABO VILLANO.

(Circuit Court of Appeals, Second Circuit. March 7, 1927.)

### No. 197.

1. **Shipping ⟸131—Damages for misdelivery is value of goods when and where they should have been delivered, less freight and customs duties.**

Measure of damages for misdelivery of shipment is same at common law and in admiralty, and, in absence of special circumstances or valid limitation, is the market value of the goods at time when and place where they should have been delivered, less freight and customs duties.

2. **Shipping ⟸132(5)—On appeal from decree for damages for misdelivery of shipment, libel must make out case by fair preponderance of evidence.**

On appeal from decree in suit in admiralty for wrongful delivery of shipment, appellate court is trier of facts, and libelant must make out his case by fair preponderance of credible evidence.

3. **Shipping ⟸131—In absence of proof of market value, damages for misdelivery will be based on agreed selling price to consignee, with interest.**

Where libelant, suing for wrongful delivery of shipment of automobiles, failed to prove market value at time and place delivery should have been made, damages for misdelivery will be allowed on basis of agreed price at which they were to be sold to consignee, with interest.

4. **Damages ⟸67—In admiralty, interest is discretionary.**

In admiralty, allowance of interest is discretionary.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by the Moline Plow Company, Inc., against the steamship Cabo Villano, her engines, etc.; Ybarra & Co., claimant. Decree for libelant (14 F.[2d] 978), and claimant appeals. Decree modified.

The libel counts on the wrongful delivery by the owners of steamship of certain Stephens automobiles shipped by libelant's assignor to Seville, Spain, under order bills of lading. Intent was to sell the motor cars to one Belmonte, of Seville, but he was to get the machines only on paying the drafts attached to the bills of lading, both of which documents went through a New York bank to its correspondent in Seville.

For reasons now immaterial, the carrier did not deliver against surrendered bills of lading. Belmonte did not pay the drafts, and the cars were obtained by a stranger to the contract, on or about December 11, 1920.

Thereupon the shipper, through the Spanish bank, sued Belmonte in Spain on the drafts, and was ultimately defeated.

During this litigation no demand seems to have been made upon the carrier, but on or about November 22, 1923, the Spanish bank did exhibit to the carrier in Seville the bills of lading, and demand the cars, which, as is now admitted, had long before been misdelivered.

The cars not being forthcoming, this suit was begun in January, 1924. Libelant had decree, and the only matter now assigned for error is that the court below erred in assessing the damages.

Barnes, McKenna & Halstead, of New York City (Bernard C. McKenna, of New York City, of counsel), for appellant.

Richards & Affeld, of New York City (Dickinson W. Richards and Joseph W. Zeller, both of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). It is now admitted that claimant must make libelant whole for the loss inflicted by the breach of the contract of carriage. To denounce the carrier's act or omission as a conversion is probably accurate in terms of common law, but in the admiralty is only calling bad names.

[1] But the rules of law are the same in both jurisdictions, and are set forth in Scrutton, Bills of Lading, p. 439, and Carver (6th Ed.) § 721, viz.: "In the absence of special circumstances" or valid limitation, damages for nondelivery are "the market value of the goods" when and where they should have been delivered, less whatever the cargo owner would have been obliged to pay to get them; e. g., freight and/or customs duties. U. S. Willow, etc., Co. v. Compagnie Générale (C. C. A.) 271 F. 184. On the main point see Downing v. Outerbridge (C. C. A.) 79 F. 931; The St. Johns N. F. (C. C. A.) 280 F. 553,

affirmed St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral Commercial do Rio De Janeiro, 263 U. S. 119, 44 S. Ct. 30, 68 L. Ed. 201.

In the court below, libelant offered evidence by commission to show a market value for Stephens cars in Seville and its neighborhood in 1920; claimant took no testimony on this point. Of libelant's two "expert" Spanish witnesses, one thought the three lost cars had a market value of 45,000 pesetas, and the other put it as "about 75,000 pesetas purchase price, and about 90,000 pesetas selling price." The District Court rejected the first witness, and accepted the lower figures of the second man, which at the then current rate of exchange gave damages of $9,750, or nearly $2,500 more than libelant was willing to sell the cars for to Belmonte, with freight and insurance added.

We need not now inquire whether the fact that the losing cargo owner is a vendor, who fixed the price at which he was willing to part with his own goods, does or should introduce a "special circumstance" into the general rule above quoted, for we think the special circumstance shown is that there was no market value for Stephens cars in or near Seville at the time of misdelivery.

[2] The case is quite like Mallory v. Mitchell (C. C. A.) 291 F. 53, with this important difference: That case was an action at law, where the findings of fact below could only be assailed by denying the competency, relevancy, or materiality of the evidence; while this is a suit in admiralty, where we are the triers of facts, and the libelant must make out his case by a fair preponderance of credible testimony.

We are of opinion that the witnesses as to a market for these cars proved, if they proved anything, that no market existed at the requisite time and place. A detailed discussion of their evidence would be of no utility.

[3] Result is that there is no proof of value, except that fixed by the original parties to the intended sale as the amount of money for which the vendor was willing to part with its motor cars in Seville, which is agreed upon as $7,363.66.

[4] While interest in admiralty is discretionary, we are not disposed to refuse libelant interest during the time spent in pursuing illusory remedies in Spain.

Let the decree be modified, by awarding as damages $7,363.66, with interest from date of misdelivery, December 11, 1920. Appellant will recover the costs of appeal; costs below will remain undisturbed. Mandate will issue accordingly.