## THE SPEYBANK.

District Court, D. Maryland.   September 21, 1928.

### No. 1627.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, and Janney, Ober, Slingluff & Williams, of Baltimore, Md., for libelant.

Niles, Barton, Morrow & Yost and Marchant, Adams & Hargest, all of Baltimore, Md., for respondents.

WILLIAM C. COLEMAN, District Judge. This case arises on an exception filed to an amended libel on the ground that it does not set forth any matters sufficient to constitute a cause of action, entitling the libelant to recover; or, stated more specifically, that there is nothing in the amended libel to indicate what, if any, interest the libelant has in the property alleged to have been damaged, and that therefore libelant is not entitled to bring the action.

The original libel, filed April 5, 1928, alleges a cause in tort by the United States Steel Products Company against the motor vessel Speybank, the Pennsylvania Railroad Company, and the Atlantic Transport Company, respondents. It sets forth that the libelant was owner of a shipment of steel plates which were lost when lighters of the railroad company, in tow of the transport company's tug, were sunk in collision with the propeller of the Speybank, while being transported to the side of the steamship Chickasaw City in Baltimore harbor. A contract of carriage is alleged whereby the libelant delivered the plates to the railroad company to be redelivered alongside the Chickasaw City. Negligence on the part of all respondents contributing to the loss is claimed. The master of the Speybank, intervening as claimant, duly answered on April 9th denying negligence on the part of the vessel. On May 2d, the court granted leave to amend the original libel. In the amended libel the allegation of ownership of the plates is omitted. In its stead, it is set forth that the American Tin & Plate Company delivered the shipment to the railroad company for transportation "to the port of Baltimore, to be there delivered, in like good order and condition as when shipped, unto the libelant alongside the steamship Chickasaw City in the port of Baltimore." The amended libel then asserts negligence, and also contains the following paragraphs:

"15. Prior to the delivery to the Pennsylvania Railroad Company of the merchandise hereinbefore described in articles 5 to 9

inclusive, libelant entered into certain agreements with various merchants for the sale of said merchandise. Under the terms of said agreements the various nonresident purchasers became the owners of the said merchandise before it suffered the damage complained of herein.

"16. By reason of the premises, libelant and said purchasers of the merchandise, on whose behalf and for whose benefit this action is brought, have sustained damages amounting to $20,000 as nearly as the same can now be estimated, for which the respondent Pennsylvania Railroad Company and the respondent Atlantic Transport Company and the steamship Speybank are severally liable."

■ It is well settled that admiralty proceedings partake of the nature of proceedings in equity, so that the importance which the common law attaches to formalities is, to a large extent, ignored. This does not mean that any person may bring a libel, but the rule in admiralty is considerably more liberal and flexible than with respect to actions at law. Thus at law, an agent as such has no authority to sue in his own name, but in admiralty the rule is otherwise. The Thames, 14 Wall. 98, 20 L. Ed. 804; Cragin & Co., Inc., v. International S. S. Co. (C. C. A.) 15 F.(2d) 263; National Interocean Corp. v. Emmons Coal Mining Corp. (D. C.) 270 F. 997. As was said in the last of the above-cited cases, 270 F. pages 999 and 1001:

"It is further permissible in admiralty proceedings for the agent of the real party in interest to file a libel, either in the name and on behalf of his principal or in his own name. Such a proceeding at law would be anomalous, but there is the highest authority for the statement that it is 'settled' that a libel in the name of an agent, who has no other relations to the cause of action than such agency, may be brought.

"The very capable proctor for the respondent in this case denies this; but, admitting it to be the settled rule in admiralty, the question presented by this record is whether such a libel may be filed, not by the agent of the one in whom is the right of action, but by the agent of that agent. The principle upon which the rulings made proceed seems to be that admiralty concerns itself only with the question of whether the libel is filed and recovery is thus sought with the authority and sanction of the real party in interest. We say this because it has been held that a cause may proceed to final decree, although the libel was filed in the name of the agent, and the authority of the principal was not given until after the action had been brought. We interpret this as meaning that, although the libel is filed in the name of an agent as libelant, recovery may be had for the cause of action set forth, notwithstanding the fact that the right of action is in another, provided that such principal, even as late as the trial, sanctions what has been done in his behalf. * * *

"The final test, of course, is in whom was the right of property or right of possession where the cause of action concerns property. The judgment must be rendered in favor of the one who has this right of action, and can only be so rendered when he is a party to the proceedings; but *he is in admiralty deemed to be a party to the proceedings, if they be brought by some one who is asserting such right of action on his behalf, whether the assertion be as agent or not.*" (Italics inserted.)

■ The amended libel clearly asserts an agency relationship on the part of the libelant to the then owners of the merchandise which forms the basis of the controversy, because in paragraph 16 the allegation is made that "libelant and said purchasers of the merchandise, on whose behalf and for whose benefit this action is brought, have sustained damages," etc. So, on the ground of agency alone, it appears that the status of the libelant is sufficient, and sufficiently set forth, to permit it to bring the libel. However, there is another ground which the court feels sufficient to require that the exceptions be overruled. It is alleged that libelant was consignee in the bills of lading of the various shipments, and there is nothing to indicate in the libel that the libelant was not still the consignee at the time the amended libel was filed. It is well settled in admiralty that the consignee of goods is entitled to sue in his own name. The Vaughan, 14 Wall. 258, 20 L. Ed. 807. We are not now concerned with the question as to whether the amended libel is sufficient to sustain recovery. This is to be determined by proof at the trial as to whether libelant has a real interest or represents a real interest, but the averments in the amended libel are sufficient to carry the case to trial.

Therefore, the court concludes that the exceptions must be overruled.