## AUNT JEMIMA MILLS CO. v. LLOYD ROYAL BELGE.

Circuit Court of Appeals, Second Circuit.
June 17, 1929.

No. 248.

Loomis & Ruebush, of New York City (Homer L. Loomis and Reginald B. Williams, both of New York City, of counsel), for appellant.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and Roger H. Loughran, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. At the turn-out the bags were stained with yellow streaks on the outside, and the flour had become so tainted by an odor of turpentine or pitch pine as to be unfit for human consumption. The shipment had been received in "apparent good order and condition" and had been stowed in holds containing pine lumber. The District Court held that these facts justified the inference that the damage was due to bad stowage. 28 F.(2d) 398. The appellant contends that the court should never have passed on the merits, because the libelant had not proved its right to sue. This presents an important question of practice.

The carrier's promise, evidenced by the bill of lading, was to deliver the goods to the holder of the bill of lading. If this were all, production of the bill of lading by the shipper would be presumptive evidence that it was still the holder and was entitled to sue for damage to the goods. The Cabo Villano (D. C.) 14 F.(2d) 978, affirmed, 18 F.(2d) 220 (C. C. A. 2). But the libel alleges that by indorsement Janssens & Co. had become the owner of the bill of lading and entitled to delivery of the merchandise. This is an admission of a fact which divested the consignor of his interest and entitled the indorsees to sue in their own names. The Thames, 14 Wall. 98, 20 L. Ed. 804; Olivier Straw Goods Corp. v. Osaka Shosen Kaisha, 27 F.(2d) 129 (C. C. A. 2). Moreover, the libel further alleges that the suit is brought for and on account of Janssens & Co. It is a well-recognized practice in the admiralty that the agent of an absent owner of cargo may assert in his own name his principal's right of action. Houseman v. Cargo of the North Carolina, 15 Pet. 40, 10 L. Ed. 653; The Thames, supra; The Speybank (D. C.) 28 F.(2d) 436; Nat. Interocean Corp. v. Emmons Coal M. Corp. (D. C.) 270 F. 997; Cragin & Co. v. International S. S. Co., 15

F.(2d) 263, 264 (C. C. A. 2). Our statement in Transmarine Corp. v. Levitt & Co., 25 F.(2d) 275, 278, that "the buyer consignee, and he alone, can sue" when the consignor has parted with title to the goods, was made with reference to an action at law and cannot be pushed to the extreme of modifying the established admiralty practice. See United States v. U. S. Steel Products Co. (D. C.) 27 F.(2d) 547, 549. Consequently the libel was sufficient as a pleading, and the objection relates only to a failure to prove at the trial that the libelant had a real interest, or represented a real interest, in the suit. See The Speybank, supra.

There is no suggestion that the consignor had retaken the goods and suffered damage of its own, as in the Transmarine Case, supra. The libelant proved no damage to itself; on the contrary, there is an admission by pleading that it has parted with its interest, and that the right of action is in the indorsee of the bill of lading, on whose behalf the consignor sues. Appellant contends that there is no evidence either of Janssens & Co.'s interest or of the libelant's authority to act as their agent. The bills of lading were issued in duplicate, and a set marked "Second Original" was introduced in evidence, but solely to prove the terms of the contract of carriage. The indorsements were not proved, nor were they admitted in evidence. Mere possession by the shipper of duplicates, with the admission that the originals had been duly indorsed, cannot be regarded as proof that the indorsee has authorized the suit. The duplicates may never have been in the indorsee's possession. No proof was offered that Janssens & Co. were the indorsees, nor was it even proved to whom the goods were delivered.

The deposition of G. C. Robyns, a "flour importer," of Antwerp, who examined the goods, states: "The shipment consisted of 2,000 bags, of which my firm was interested in 1,000 only, the other 1,000 having been sold to parties who held the documents. The 2,000 sacks were unloaded all together on the quay. The party to whom my firm had sold 1,000 sacks stated that he must refuse delivery, owing to the flour being damaged and having an offensive smell. * * *" The witness did not state the name of his firm. Hence the fact that Robyns testified does not justify an inference that the libelant was suing with the approval of the indorsee of the bills of lading. This was evidently the conclusion of the District Court in conditioning the decree "upon filing proof that the consignee had authorized or ratified the suit."

Undoubtedly an agent's unauthorized act in filing a libel for absent owners may be subsequently ratified by them, and proof of such ratification, made before the decree is entered, will be sufficient. Houseman v. Cargo of the North Carolina, 15 Pet. 40, 49, 10 L. Ed. 653. But this is very different from saying that, without any proof whatever of the agent's authority, a decree may be entered against the carrier. The decree must bind the principal, in whose right the suit is brought, no less than the carrier, and without regard to whether it be against the carrier or in his favor. If ratification may be made after the decree, the giving or withholding of it may very likely turn on whether the principal thinks the decree favorable or the reverse. If the latter, he might refuse ratification and pursue the carrier in a suit of his own.

Moreover, is the proof of ratification to be "filed" ex parte, with no opportunity to the carrier to dispute its authenticity, or to question the validity of the alleged indorsement of the bill of lading? If it is meant merely that proof of authority is to be presented to the court, and that an opportunity will then be given to the libelant to controvert it, a continuance rather than a conditional decree on the merits would be more appropriate. These considerations demonstrate to our minds the dangers of sanctioning such a decree as was entered below. No controlling authority has been cited which supports it. There is a dictum in Northern Commercial Co. v. Lindblom, 162 F. 250 (C. C. A. 9), that the consignor, after having parted with title to the goods, may sue the carrier upon the contract of carriage as trustee of an express trust for the benefit of the consignee. This theory is supported by cases which we repudiated in the Transmarine decision, supra. Moreover, it is inconsistent with the requirement that the consignee ratify the suit.

In the Presque Isle (D. C.) 140 F. 202, the libelant was apparently allowed to postpone until the commissioner's hearing proof of his right by way of subrogation to the cargo owner's claim for damage; but the libel there alleged that the libelant (the shipper) had paid the cargo owner the amount of his damage and final determination of the libelant's right to sue was apparently reserved. In the U. S. Steel Products Case, supra, the shipowner sued the shipper on the contract of carriage for certain charges; and the latter filed a cross-libel on behalf of the consignees for damage to the merchandise. Upon the merits the original bill was dismissed, and it was held that the respondent

was entitled to a decree on its cross-libel, upon filing proof that its consignees had ratified its suit upon the cross-libel. The propriety of determining the merits before proof was made of authority to assert the counterclaim on behalf of the consignees may well be doubted, for it is subject to the mischief already noted of allowing the consignees an opportunity to gamble on the result of the litigation, and give or withhold their ratification accordingly. The present decree cannot be affirmed, without sanctioning what we regard as an objectionable procedure.

Accordingly the decree must be reversed. However, we do not think it is necessary to dismiss the libel and require the libelant to start again from the beginning. If libelant shall make proof of its authority to maintain the suit on behalf of the indorsee of the bills of lading, the issues may be reconsidered, without reference to the court's previous findings. In other words, we direct that the suit be treated as though there had been a continuance to enable the libelant to introduce further evidence, that the respondent be allowed to introduce additional evidence to meet any phase of the libelant's case, that the libelant be allowed to offer evidence in rebuttal, if it so desires, and that the issues be then determined de novo, without regard to the previous findings upon the merits.

The decree is reversed, and the cause remanded, for further proceedings in conformity with this opinion.