LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Respondent, *v.* EDWARD A. THOMPSON, INC., Appellant.

Supreme Court, Appellate Term, First Department, June 25, 1929.

*William E. Lowther* [*Leo C. Weiler* and *Max Ash* of counsel], for the appellant.

*Siegeltuch, Butler & Kraft* [*Herbert G. Kraft* of counsel], for the respondent.

CALLAHAN, J. This is an action brought by an insurance carrier as assignee of the claim of an injured workman pursuant to section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) against a third person, whose negligence is claimed to have caused the injuries complained of. The examination of the circumstances under which the accident occurred discloses that this was a maritime tort. The employee while working on a barge in the Hudson river was injured by being struck by a scoop attached to a derrick on another vessel known as a " digger." Both the barge and the digger were domestic vessels and the defendant is a domestic corporation. The " commerce " in so far as the record discloses was intrastate. The employer, the employee and the plaintiff insurance carrier apparently waived their admiralty rights and remedies pursuant to section 113 of the Workmen's Compensation Law, and compensation was paid by plaintiff to the employee. Defendant contends that as the accident was a maritime one, the complaint should have been dismissed for the reason that the New York Workmen's Compensation Law could not operate to transfer to the plaintiff any rights which the employee might have had against the defendant. It claims that the State Industrial Commission was without jurisdiction to decree compensation in a maritime accident. Section 113 of that law provides: " § 113. Interstate commerce. The provisions of this chapter shall apply to employers and employees engaged in intrastate, and also interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, provided that awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the state insurance fund or other insurance carrier may assume liability for the payment of such awards under this chapter."

Defendant's position is that the provision as to waiver of admiralty rights is ineffectual as against it.

The plaintiff contends that the defendant cannot be heard to question the jurisdiction of the State Industrial Commission; that the employer, the employee and the insurance carrier properly agreed to waive their admiralty rights and remedies, and that section 29 in making the tort claim assignable was a proper exercise of the power of the Legislature of this State and did not interfere with maritime or interstate commerce.

The remedy of workmen's compensation has been held not to be applicable to maritime torts. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205.) The present action is not brought to collect workmen's compensation but to collect the damages sustained by the injured workman. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) As was pointed out in the *Jensen Case* (*supra*, 216) the saving clause of section 256 (now section 371) of the Judicial Code leaves some power in the States to affect by State legislation the general maritime law. For instance, the cause of action for death through negligence, unknown at common law, was held to be enforcible in admiralty where the statutes of the State in which the action was brought or the flag of the vessel involved permitted it. (*Steamboat Co.* v. *Chase*, 16 Wall. 522; *The Hamilton*, 207 U. S. 398.) In the absence of a State statute creating such right of action, admiralty did not recognize a claim for negligent killing. (*The Harrisburg*, 119 U. S. 199; *The Alaska*, 130 id. 201; Hughes Admiralty [2d ed.], § 112.) The test of the validity of a State statute affecting maritime or interstate commerce is whether or not such a statute " contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." (*Southern Pacific Co.* v. *Jensen, supra.*) No act of Congress expressly declaring against assigning a chose in action for a maritime tort has been called to our attention. The history of the common law with respect to the doctrine of the assignability of choses in action generally, shows that it is an outgrowth of a right that was recognized in equity before it was recognized in common law. The rigid enforcement of the common law that actions be brought in the name of the original owner of the claim was one of the reasons that the courts urged for non-assignability of choses in action. In admiralty the rule was long established that a suit must be brought in the name of the real party in interest. The right of an assignee of a chose in action to sue in his own name was recognized in admiralty long before it was permitted in common

law. (See *Minturn* v. *Alexandre* 5 Fed. 117; *Cobb* v. *Howard*, 3 Blatchf. 524.)

Nor does the statute here involved work any material prejudice to the general characteristics of the maritime law or interfere with the proper harmony or uniformity thereof. The State Legislatures have the right to regulate the practice proceedings and rules of evidence in their own courts and such statutes become the rule of decisions in actions brought in the State courts concerning maritime torts. (*Steamboat Co.* v. *Chase, supra; Sherlock* v. *Alling*, 93 U. S. 99.)

The Legislature of this State having the power to enact a statute making choses in action for tort assignable, such a statute would clearly apply to actions in the State court brought to enforce the common-law rights and remedies of a suitor arising out of a maritime tort. That the assignment is conditional on the assignee paying a sum fixed by a State commission as workmen's compensation does not affect its validity. As was said concerning the laws creating a cause of action for negligent killing, "As the right to sue depends on the state statute, it follows that the state, in giving the right, may name the conditions on which it is given." (Hughes Admiralty [2d ed.], § 113.)

To hold that section 29 of the Workmen's Compensation Law did not apply to maritime torts would merely mean that in every such case where the negligence of a third person was involved the employer or insurance carrier would refuse to pay compensation and the employee would then resort to his common-law remedy against the third person. Permitting the action to be brought by an assignee, therefore, subjects the defendant to no additional hardship. For the reasons previously indicated the statute does not contravene the Federal law reserving to Congress the sole right to interfere with maritime or interstate commerce. The court below was, therefore, correct in denying the motion to dismiss the complaint.

The judgment appealed from must be reversed, however, for other reasons. The trial court erred in excluding proof to show that the person operating the derrick that caused the accident was not in the defendant's service but in the service of the employer of the injured workman. In addition the court erred in submitting the case to the jury on an entirely erroneous theory of damages. (See *Travelers Ins. Co.* v. *Brass Goods Mfg. Co., supra.*)

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.