LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant, *v.* EDWARD A. THOMPSON, INC., Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1930.

*Siegeltuch, Butler & Kraft* [*Herbert G. Kraft* of counsel], for the appellant.

*William E. Lowther* [*Leo C. Weiler* and *Max Ash* of counsel], for the respondent.

PER CURIAM.    It was error for the trial court to hold as a matter of law that Waddell was an employee of the Yonkers Builders' Supply Company at the time of Cannon's injury.    (*Bartolomeo* v. *Bennett Contracting Co.*, 245 N. Y. 66.)    The contract in the present case did not give to the Yonkers Builders' Supply Company the same complete control over the digger and the engineer thereof that the charterer received over the vessel and the captain thereof in the case of *Anderson* v. *Boyer* (156 N. Y. 93), on which the court below relied.    In addition, the negligence complained of here was in regard to the manner in which the derrick was operated and not in the general handling of the vessel or the failure to furnish sufficient additional help as in the case cited.    There does not appear to be any general rule of maritime law holding the special employer liable under the circumstances involved herein.

We see no reason for changing the views we expressed on the prior appeal with respect to the right of the plaintiff to prosecute the present claim.    (See 134 Misc. 370.)

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and CALLAHAN, JJ., concur.

PETERS, J. (dissenting).    I dissent on the authority of *Anderson* v. *Boyer* (156 N. Y. 93) and *United States* v. *Cornell Steamboat Co.* (267 U. S. 281).