**NEW HAMPSHIRE FIRE INS. CO. v.
THE PERLA et al.**

No. 3001.

United States District Court
D. Maryland.

July 1, 1949.

George W. P. Whip (Lord & Whip), of Baltimore, Md., Bigham, Englar, Jones & Houston, New York City, for libellant.

Robert W. Williams (Ober, Williams, Grimes & Stinson), Baltimore, Md., for respondents.

CHESNUT, District Judge.

The libel in this case presents a claim against the S. S. Perla and its owners for cargo damage. The libel is filed by the New Hampshire Fire Insurance Company which issued a marine insurance policy to the cargo owners. It is alleged that the cargo was damaged in shipment, that the owners had made demand on the insurer and the latter, as libellant, states that it has become liable under the policy to pay approximately $36,050 on account of the loss. Proctors for the ship and its owner claimant have filed exceptions to the libel on the ground that the libellant is not the real party interested in the alleged loss and

damage and that it does not appear that at the time of the filing of the libel the libellant had suffered any loss or damage because it is not alleged in the libel that the libellant as insurer of the cargo has yet actually paid the loss.

It further appears from the papers in the case and other statements made by counsel at the hearing in court that delivery of the cargo was made to the ship at the port of New Orleans on or about January 20, 1947; that the cargo consisted of 150,000 bags of wheat flour in good order to be transported to Santos, Brazil, and consigned to the Secretary of Agriculture of the State of Sao Paulo, Santos, Brazil; and that when the ship arrived at Santos a part only of the shipment was delivered to the consignee and that part was badly damaged by contact with water and otherwise. It is said the partial delivery was made on February 28, 1947 and, as the bill of lading was subject to the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., which contains a one year limitation for suit against the carrier, it was necessary for the libellant to file this suit within the year from the time of delivery, even though the loss had not been completely adjusted and paid up to that time. It therefore seems apparent that if the libel is dismissed because prematurely brought, as contended for by the proctors for the respondent, the carrier would not be liable either to the consignee sustaining the initial loss or the insurer as subrogee. And it is to be noted that in the libel it is stated that the insurer brings the action "on its own behalf and on behalf of and for the benefit of all parties who may be or may become interested in the said shipment, as their respective interests may ultimately appear".

It will be noted from the papers that considerable delay has already occurred with respect to the subject matter of the case. Thus while the loss occurred on or about February 28, 1947 the libel was not filed until February 25, 1948. At the latter time the ship was not within the jurisdiction of this court but it came here early in June 1948 and was seized and attached in rem by the marshal of the court on June 16, 1948, and on the same date the marshal served a writ of foreign attachment on the owners by service on the first mate as garnishee. Apparently on the following day the proctor for the libellant authorized the release of the ship on receipt of a voluntary letter of indemnity to act as or in lieu of a stipulation for value. And it is to be further noted that despite these proceedings in June 1948 it was not until May 13, 1949 that appearance was entered by proctors for the respondent and that their exceptions to the libel were filed on June 28, 1949 and heard by the court the following day.

The sole point urged in support of the exceptions is that the libellant does not state that it has actually paid the loss for which it however admits liability. At the hearing it was suggested to counsel that possibly the libel could now be amended in this respect by alleging the loss had actually been paid some time after the libel had been filed on February 25, 1948. Counsel stated that his information was to the effect that while the insurer had drawn and tendered its check to the cargo owner for the full amount of the loss it for some reason had not yet been accepted by the insured. It seems to be quite apparent that the whole matter has been handled in a very leisurely way by all the parties in interest. The only question to be now decided by the court is whether the libel should be dismissed for the reason suggested which seems to be, in view of the circumstances, rather technical. As pointed out, the effect of dismissing the libel for the reasons stated would be to practically preclude any further assertion of liability against the carrier.

I conclude that the libel should not be dismissed for the reasons stated in the exceptions, which are that the libellant as insurer is not a real party in interest because it had not at the time of filing the libel actually paid the loss and therefore the libel was filed *prematurely*.

There seems to be no general admiralty rule similar to Federal Rule of Civil Procedure 17(a), 28 U.S.C.A., which requires that "every action shall be prosecuted in the name of the real party in interest". But despite the absence of such an express rule it has been very generally considered that proper pleading in admir-

alty requires the observance of the same principle. See Benedict on Admiralty, Vol. 2, s. 245; Minturn v. Alexandre, D.C. N.Y., 5 F. 117, 119, and Fretz v. Bull, 12 How. 466, 468, 13 L.Ed. 1068. If the insurer had actually paid the loss before the libel was filed, it is clear enough that it could have maintained the suit as a real party in interest. If it had paid the insured's whole loss it could have maintained the suit in its own name as subrogee; but if it had paid only a part of the loss the better practice would have been to bring the suit in the name of the insured for itself and also for the use of the insurer. See Fretz v. Bull, supra, Grace et al., to use of Grangers Mutual Ins. Co. v. United States of America, D.C.Md., 76 F.Supp. 174; 96 A.L.R. 873–875; 157 A.L.R. 1246–1247. Had the suit been filed by the insured, the insurer could have intervened therein under Admiralty Rules 34 and 42, 28 U.S.C.A., at any time if it had an equitable right to a part or the whole of the proceeds, if any, of the suit. The Monticello v. Mollison, 17 How. 152, 156, 15 L.Ed. 68; The Etna, 3 Cir., 138 F.2d 37.

In the instant case the libellant as insurer was at least potentially a real party in interest. In this connection it is said in Benedict on Admiralty, Vol. 2, s. 245:

"The party really entitled to relief should always be made libellant. There is no admiralty rule to this effect, but the practice is of long standing. The Civil Rules put it still more sharply and say that every action shall be prosecuted in the name of the real party in interest: Rule 17(a). In admiralty, as under the Civil Rules, there are a number of exceptions to this principle. The most usual one is the right of an underwriter or insurance company to sue in the name of the assured whose loss had been paid or covered by a loan. The real party in interest is no longer the assured but the underwriter, who has acquired the claim by an actual or an equitable assignment or subrogation."

With respect to the contention that the suit was prematurely filed because the insurer has not actually paid the loss, it is to be noted that the practice of admiralty is more liberal in entertaining jurisdiction than would be the case in a suit at law.

Thus under similar although not exactly parallel facts exceptions to a libel on the ground that it was prematurely brought have been overruled by admiralty courts. In Munson S. S. Line v. Glasgow Nav. Co. Ltd., 2 Cir., 235 F. 64, 66, certiorari denied, Glasgow Nav. Co. Ltd. v. Munson S. S. Co., 243 U.S. 643, 37 S.Ct. 405, 61 L.Ed. 944, it was said:

"The shipowner's first contention is that the District Judge properly dismissed the libel as premature. The admiralty is not technical in such matters; it aims to do substantial justice. In the course of common-law trials, at least in the state courts in this district, the statute of limitations would frequently run before the defendant had been compelled by the court of last resort to pay such a judgment."

Other similar and illustrative decisions on this point are The Valdura, D.C.N.Y., 286 F. 747, 749; Moran Towing & Transp. Co. v. United States, D.C.N.Y., 56 F.Supp. 104, 106.

In further support of the jurisdiction, I think the view may fairly be taken that in the instant case the insurer as libellant may be treated as having filed the suit as agent for the cargo owner as a possible party in interest. "It is a well-recognized practice in the admiralty that the agent of an absent owner of cargo may assert in his own name his principal's right of action". Aunt Jemima Mills Co. v. Lloyd Royal Belge (The Burgondier), 2 Cir., 34 F.2d 120, 121, 1929 A.M.C. 1141, 1142. See also National Interocean Corp. v. Emmons Coal Mining Corp., D.C.Pa., 270 F. 997. And in this Fourth Circuit the liberal rule of admiralty in this respect is fully discussed by Judge Parker in The Nichiyo Maru, 89 F.2d 539, 543.

For these reasons I have concluded that the exceptions to the libel must be overruled. Of course the insurer as libellant would not be entitled to obtain a decree in its favor unless it appears from evidence at the trial that it has in fact paid the loss, or at least that it was acting as an authorized agent of the cargo owner in filing the suit or that the latter has subsequently ratified that action. As it appears that the loss has not yet been finally ad-

justed and settled, very probably the respondent would be entitled to have further prosecution of the case stayed or, possibly at its option, might be held entitled on further motion to have the case promptly tried, in view of the very considerable time that has previously elapsed since the origin of the alleged claim. While admiralty should and does exercise very great liberality in entertaining suits of this nature in order to accomplish substantial justice and, where necessary, will delay final adjudication pending determination of questions of controlling or material importance, I think it would be unreasonable from the standpoint of the respondent to indefinitely stay the final disposition of the case pending an unreasonable and inexcusable delay in final adjustment of the loss attributable to the libellant or the owner of the goods.

It is therefore ordered that the exceptions to the libel be and the same are hereby overruled.